Ordell Elizabeth Moon
1905 Bristol St.
Petaluma, CA 94954


# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>ORDELL ELIZABETH MOON<br><br>Appellant/Debtor,<br><br>vs.<br><br>CITIBANK N.A., DEUTSCHE BANK NATIONAL TRUST et al.<br><br>Appellees.<br>_____/ | Case No. 5:23-cv-04521-PCP<br><br>BK Case No. 23-10092 DM 13<br>NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER TO CONTINUE THE AUTOMATIC STAY IN BK CASE #23-10092 DM 13 AS THE COURT DEEMS APPROPRIATE<br><br>Date:<br>Time:<br>Courtroom: |

TO THE HONORABLE JUDGE AND ALL PARTIES OF INTEREST:

COMES NOW the Appellant/Debtor, Ordell Elizabeth Moon, through her Authorized Representative, Don Shannon (hereinafter "**AR**"), who relies upon ***Haines v. Kerner***, 1972, 404 U.S. 519 in the above-captioned matter**, to give notice** that Appellant, pursuant to **Haines v. Kerner**, hereby serves this courtesy notice and state:

1.      NOTICE IS HEREBY GIVEN to (Secured Creditor/Lessor),trustee (if any), and affected creditors (Responding Parties), their attorneys (if any), and other interested parties that have appeared in the matter of Bankruptcy Case #23-10092 DM 13 that on the above date and time and in the United States District Court for the Northern District of California, pursuant to Bankruptcy Rule 8007 (b) Appellant/Debtor (hereinafter "Appellant") in the above-captioned matter will move this honorable court for an order continuing the automatic stay as to certain creditors and actions described in the motion on the grounds set forth in the attached motion.

2.      This motion is being heard as soon as possible under the doctrine of imperative necessity as the court can set the hearing. If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Appellant's **AR** at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this motion or zoom hearing if available.

3. You may be able to contact the USDC Clerk's Office or use the court's website to obtain a copy of an approved court form for use in preparing your response or you may prepare your response using the format required by FRCP Rule 10 and the Court Manual.

4. If you fail to file a written response to the motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief

Dated: October 10, 2023

_____

Don Shannon, Authorized
Representative for Appellant

## MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE

Appellant, Ordell Elizabeth Moon, through said **AR**, who relies upon *Haines v. Kerner*, 1972, 404 U.S. 519 in the above-captioned matter, **to give notice** that Appellant, pursuant to **Haines v. Kerner**, moves the court for an order continuing existing stay with respect to the property located at 1905 Bristol St., Petaluma, California, APN #136-580-029.

1. Certain purported creditor(s) have claimed unproven security interest in this Property and have filed such claims in the public repository of Sonoma county in apparent violation of California Corporation Code 107, Civil Code 1478, Penal Code 648 in light of Title 12 U.S.C. 411 as detailed in Appellant's Objections to Proof of Claims for each purported creditors:

| 1. Party: | 2. Party: |
|---|---|
| Citibank, N.A | Deutsche Bank National Trust Company |
| Attorney: Nathan F. Smith | Attorney: Fanny Zhang Wan |
| Malcolm Cisneros, A Law Corp.<br>Attn: Nathan F. Smith<br>2112 Business Center Drive, 2nd Fl,<br>Irvine, California 92612<br>(949) 252-9400 | Robertson, Anschutz, Schneid & Crane LLP<br>Attn: Fanny Zhang Wan<br>350 10th Ave., Suite 1000<br>San Diego, CA 92101<br>(470) 321-7112 |

Appellant therefore moves for an order continuing the automatic stay as to all creditors.

2. **Case History:** Appellant filed a voluntary Chapter 13 petition on February 28, 2023.

    a. There are no other bankruptcy cases filed by or against this Appellant pending within the past year preceding the petition date in this case.

    b. As of the date of this motion the Appellant has had at least three (3) 341 Meeting of Creditors.

3. Appellant from the beginning challenged the lawfulness of purported creditors proof of claims by filing Objections to said proof of claims of said creditors which

objections were both denied by the Honorable Dennis Montali, Bankruptcy Judge who subsequently issued an order dismissing case on August 9, 2023.

4.      **Grounds for Continuing The Stay:**

Pursuant to the Fifth Amendment and the Fourteenth Amendment's guarantee to the full due process of law, Appellant believes the right to full disclosure of all the terms and conditions pertaining to purported creditors' claim of right to subject property particularly evidence of actual delivery of a thing of value to Appellant prior to or right after Appellant executed original loan documents has been denied to Appellant by said creditors in apparent violation of Truth In Lending Act (TILA), and Real estate Settlement Procedure Agreement (RESPA), Regulation Z - 12 CFR § 226.17(c)(1) among other laws enacted to protect the rights of the people from corporate greed, extortion and other rapacious activities.

5.      The questions that Appellant seeks answers to is in what specific medium of exchange did said creditors' purported "loan of money" were "expressed in terms of?" This question is germane to the issue of standing to appear in light of FRCP Rule 17. All that each purported creditor filed in support of their proof of claim was an uncertified copy of a promissory note or HELOC. But said creditors failed to produce the actual date of their wire transfer, bank draft, or other medium of exchange mandated by Corporation Code 107 proving **actual delivery of a thing of value in lawful money of the United States** was loaned to Appellant (as they declare in said promissory note) as mandated by Civil Code 1478 in light of Penal Code 648 penalty provision in light of Title 12 U.S.C. 411 to prove their actual economic investment and commitment.  Please be advised that said creditors' signatures are nowhere found on any of the loan documents **created by them** that Appellant executed which Appellant now believes is unethical.  Said Creditors have failed to establish that they're the real party in interest.

6.      The Honorable Judge Montali took a hostile position to Appellant's assertion and insistence of constitutionally secured right to full disclosure to each and every element pertaining to said creditors' claim of right, which Appellant believes is a denial to Appellant's right to the full due process of law.  Honorable Judge Montali issued an Order Dismissing Case after August 9, 2023 hearing on Appellant's Objection to Proof

of Claim of DEUTSCHE BANK NATIONAL TRUST.  There however is no evidence filed of record that Appellees ever delivered pursuant to CC § 1478 to Appellant a thing of value mandated by Corp. Code § 107 prior to or after Appellant's execution of said loan documents to establish as fact evidence of their economic investment of thing of value.

**Grounds for Continuing The Stay:**

7.      The present case was filed in good faith by Appellant in pursuit of the truth surrounding the original loan of money as the issue of medium of exchange is probative and fundamental to the viability of any valid contract.  Disclosure of **all** terms and conditions governing said contract is both reasonable and requisite pursuant to the constitutionally secured right to full due process of law, good faith and fair dealing which are etched in the bedrock of American Jurisprudence.  This is particularly so when a sophisticated trader in mercantile executive equity is trading with a common trader at law, typically identified in law as a "consumer."  Consumer is a term that is defined in the consumer protection law both state and federal which pertain to John or Jane Que Public.  Appellant being a trader at law and not a trader in mercantile executive equity is unlearned, thus unsophisticated in the sophistries of the custom of merchant transactions in commercial paper as defined in Article 3 of the Uniform Commercial Code which is titled Negotiable Instruments. Thus in search for the truth, Appellant has reached out to Appellees, counsels for Appellees, even to the Honorable Judge Montali for instructive relief regarding the issue of medium of exchange and not one in the list of Appellees, their counsels or the court has seen fit to assist Appellant in her journey for the truth.

8.      Attached herein and made a part of this motion are copies of communications sent by Appellant in good faith to Appellees, counsel for Appellees and a filed copy of Appellant's reasonable request for instructive relief from the Court all of which have gone unanswered or non-answered.

9.      On August 9, 2023 in hearing on Appellant's objection to Appellee's proof of claim, Appellant in good faith openly stated to Appellees, counsel for Appellees and the court the following reasonable statement regarding **offer of settlement**, to wit:

> "In behalf of Debtor's estate I State On the record and for the record the following statement:
>
> Debtor is ready to settle all matters pertaining to all purported claims after the issue of the specific medium of exchange of each purported loan is expressed in terms of has been provided by alleged creditor or creditor's counsel pursuant to the Constitution's 14th Amendment's guarantee of equal protection under laws of consideration, currency and tender has been provided as detailed in last filings filed of record with the court.
>
> Please be advised that Once the specific medium of exchange is disclosed the Debtor will issue a tender in like kind to settle all claims consistent with current federal public policy as a matter of law.
>
> Beyond the foregoing statement I stand on the pleadings filed of record & beyond that I stand mute with all due respect.
>
> Thank you, your honor."

10. The court subsequently issued an **ORDER DISMISSING CASE** on August 9, 2023 upon completion of the hearing in spite of Appellant's **offer of settlement**. Appellant believes such action by the court was unwarranted as a matter of law.

11. On August 31, 2023 Appellant initially filed a motion to continue automatic stay in bankruptcy court but on September 5, 2023 Judge Montali denied such request citing he had no jurisdiction to grant such an order in spite of Bankruptcy Rule 8007(a) which necessitated the filing of this instant motion pursuant to BK Rule 8007(b) (2)(B). A copy of the bankruptcy order denying request for stay is attached and incorporated herein as fully reproduced and as part of this motion.

12. Appellant through **AR** maintains that a stay is critical to Appellant who is an American citizen, in her ninth decade of life, a mother, a wife, a grandmother, feeble, bedridden and just hanging on for dear life. The arbitrary uprooting Appellant from her homestead will be devastating and more than likely will be fatal to her life, **AR** is afraid to say.

13. Given the fact that Appellant has previously reached out to Appellees on more than one occasion requesting full disclosure of the evidence of an actual delivery of a thing of value as required in a consumer loan and as further mandated by Corp. Code § 107. Neither Appellees, nor counsels for Appellees have addressed this query when directly confronted, which is unfair and a clear violation of consumer disclosures law of

both state and federal systems of law.  Let us not forget that *nudum pactum* is a type of contract without consideration and upon which no right of action can arise.  Appellant has made the reasonable offer to settle any valid claims upon proof of delivery of a thing of value or in like kind medium of exchange which again has been evaded, ignored by both Appellees, counsel fo Appellees and Judge Montali.

14.   Appellees by their silence have failed to demonstrate **any** economic damage they have suffered in the original loan of money agreement.  Further Appellees have failed to evidence their actual economic investment beyond their paper and ink in the original loan agreement.  What Appellant has been able to gather thus far is that Appellees and their counsels have succeeded in getting the bankruptcy court to sanction their apparent paper and ink investment is the equivalent of Appellant's thirty (30) years of sweat equity.  Appellees have failed to produce evidence that they have complied with the disclosure laws for consumer loans, they have failed to produce evidence in their original loan of money agreement that they have complied with Civil Code § 1478 as it pertains to **actual delivery of payment** in a medium of exchange mandated in the lawful money of the United States pursuant to Corp Code § 107 and the criminal mandate of Penal Code § 648.  On these issues alone the requested stay should be continued as a matter of law, good faith, fair dealing which are hallmarks in all valid contracts.  This issue will be more fully covered in Appellant's Opening Brief.

15.   The Constitution guarantees Appellant equal protection under the laws of currency, consideration and tender.  Appellees' refusal to answer Appellant's direct request for full disclosure of each and every element pertaining to the original loan of money agreement is unethical, unreasonable and just plain wrong.  Such refusal to provide evidence to support their claim should be reason enough to continue the stay since they cannot prove they have economic investment nor suffered any economic detriment from the original agreement.

16.   In continued good faith Appellant is still ready to settle all purported claims consistent with current federal public policy in like kind medium of exchange once said medium of exchange is disclosed to Appellant as guaranteed under said Fifth and Fourteenth Amendments and all the consumer protection disclosures law both state and

federal which right to full disclosure Honorable Judge Montali deprived Appellant, an American Citizen of.

17. Further if any bond is required to support the appellate process, Appellant extends this offer to cover any such bond in a medium of exchange consistent with current federal public policy, law and custom.

## Conclusion

WHEREFORE, Appellant prays that this court issue an Order that the Automatic Stay be continued in effect as to all appellees until further order of the court.

For other relief requested as the court deems just and proper.

Respectfully submitted.

Dated: October 10, 2023

_____
Don Shannon, Authorized Representative for Appellant

## DECLARATION OF APPELLANT BY AR UNDER POA

I, Don Shannon, as the Authorized Representative (**AR**) of the Appellant under a POA. I have read the foregoing motion consisting of eight pages, and the attached materials incorporated therein by reference.

That I state on the record and for the record that Appellant is the mother-in-law of **AR.**

That Appellant is an aged woman in her ninth decade of living, she is a wife, widow, mother, grandmother, bedridden, feeble, suffers from dementia, and needs around the clock care.

That Appellant is a victim of circumstances beyond her control or ability to alter given her age and condition.

That Appellant's homestead is all that she possesses of value.

That uprooting Appellant from her homestead will be devastating and I fear will destroy her and those that care for her.

That we have continually requested full disclosure from Appellees and their counsels regarding the medium of exchange that they employed in the original agreement, and they have failed, refused, evaded or just gone silent.

That a nudum pactum contract is one in which a right of action cannot arise.

That if Appellees' loans were in comportment with the Federal Reserve Board books such as "Modern Money Mechanic" or "I bet you thought" then said loans are subject to the "like kind" rule under equal protection under the laws of currency, consideration and tender and Appellant only seeks full disclosure of each element pertaining to said contract so that the contract can be settled and closed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  October 10, 2023

_____
Don Shannon, **AR** for Appellant

## Declaration of Service

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.

My business address is:

A true and correct copy of the foregoing document entitled:

NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE (with supporting declarations) will be served or was served (a) on the judge in chambers and by registered mail.

2. SERVED BY UNITED STATES MAIL: On October 10, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.

**1. Party: Citibank, N.A**.

**Attorney: Nathan F. Smith**

Malcolm Cisneros, A Law Corp.
Attn: Nathan Frederick Jones Smith
2112 Business Center Drive, 2nd Fl,
Irvine, California 92612
(949) 252-9400

**2. Party: Deutsche Bank National Trust Company**

**Attorney: Fanny Zhang Wan**

Robertson, Anschutz, Schneid & Crane LLP
Attn: Fanny Zhang Wan, counsel for
350 10th Ave., Suite 1000
San Diego, CA 92101
(470) 321-7112

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: October 10, 2023

_____
Don Shannon, Authorized Representative of Appellant