Ordell Elizabeth Moon
1905 Bristol St.
Petaluma, CA 94954

# Case No. 23-cv-04521-PCP

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

RE: ORDELL ELIZABETH MOON          Case No. 23-cv-04521-PCP

        Appellant,

    v.

CITIBANK, N.A., DEUTSCHE
BANK NATIONAL TRUST
COMPANY

        Appellees.

_____/

## APPELLANT'S OPENING BRIEF

## BEFORE THE HONORABLE JUDGE P. CASEY PITTS

By_____

        Don Shannon, Authorized Representative of
        Appellant under Power of Attorney
        420 Lakeville Street
        Petaluma, CA  94952

# TABLE OF CONTENTS

TABLE OF AUTHORITIES … … … … … … … … … … … … … … …i-iii

APPELLANT'S OPENING BRIEF… … … … … … … … … … … … .1

INTRODUCTION … … … … … … … … … … … … … … … … .. .2

JURISDICTIONAL STATEMENT … … … … … … … … … … … .2

STATEMENT OF APPEALABILITY … … … … … .. … … … … … .. .3

STATEMENT OF REVIEW OF ISSUES FOR APPEAL … … … ..4

STATEMENT OF FACTS … … … … … … … … … … … … … …10

STATEMENT OF THE CASE … … … … … … … … … … … … …..11

SUMMARY OF ARGUMENT … … … … … … … … … … … … …..12

ARGUMENT … … … … … … … … … … … … … … … … …13-29

    A - DENIAL OF DUE PROCESS OF LAW … … … … … … … … … .. ..13

    B - FRCP RULE 17(a) – NO EVIDENCE OF REAL PARTY IN INTEREST… …14

    C - CIRCUMVENTION OF JUDICIAL CANON 3A(4) DENIED RIGHT TO BE HEARD ON FULL DISCLOSURE OF PROOF OF CLAIM … … … … … ..17

    D - APPELLANT'S PURSUIT OF THE TRUTH AND FUNDAMENTAL GOOD FAITH AND FAIR DEALING BY COURT … … … … … … … … … … 19

    E - APPELLANT'S OFFER OF SETTLEMENT WAS IGNORED OR EVADED BY BOTH COURT AND COUNSELS … … … … … … … … … … … ..26

    F - EVIDENCE OF BAD FAITH BY COURT AND COUNSEL … … … … … 27

    G - MOTION FOR REQUEST FOR CONTINUANCE OF AUTOMATIC STAY DENIED BY JUDGE DENNIS MONTALI CITING CASE CLOSED IN SPITE OF FRBP RULE 8007(a)(1), (2) … … … … … … … … … … … … … .28

    H. TERRITORIAL JURISDICTION OF ACTS OF CONGRESS … … … … … …29

CONCLUSION … … … … … … … … … … … … … … … … … ..34

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE PER FRBC RULE 8015 (H)

# TABLE OF AUTHORITIES RELIED UPON BY APPELLANT

## CASELAW:

*American Dev. Int'l Corp.,* 188 B.R. at 932 (quoting Andreuccetti, 975 F.2d at 416) … …  4
*Bailey v Alabama* (1911) 219 US 219, 55 L Ed 191, 31 S Ct 145; … … … … … … … …  18
*Bank of N.Y. v. New York County*, 7 Wall 26 … … … … … … … … … … … … … …  24
*Carpenter v. Longan,* 16 Wall. 271, 83 U.S. 271, 274, 21 L.Ed. 313 (1872), … … … … …  9
*Clyatt v United States* (1905) 197 US 207, 49 L Ed 726, 25 S Ct 429; … … … … … … ..  18
*Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467 (1978); … … … … … … … … … …  4
*DeLaRosa v. Agents for I.M.F., IRS, et al.*, 1995 in CIV-S-1170 DFL GGH … … … … …  18
*Easton vs. Iowa*, 188 U.S. 220 (1903). ,… … … … … … … … … … … … … … … …  16
*Eckart v. Burnet,* 283 US 140, … … … … … … … … … … … … … … … … … … …  24
*Gregory v. Helvering,* 293 US 465,… … … … … … … … … … … … … … … … … …  24
*Haines v. Kerner*, (1972), 404 U.S. 519 … … … … … … … … … … … … … … … …  2
*Helvering v. Price,* 309 US 409 ,, … … … … … … … … … … … … … … … … … …  24
*Hepburn And Dundas V. Ellzey, 6 U.S. 445, 2 L. Ed. 332, 2 Cranch 445, (1805)* … … …  28
*In re IBI Sec. Serv., Inc.,* 174 B.R. 664, 668 (E.D.N.Y. 1994) … … … … … … … … …  4
*In re Johns-Manville Corp.,* 36 B.R. 743 (Bankr. S.D.N.Y. 1984) … … … … … … … …  5
*In re Mitchell,* Case No. BK-S-07- 16226-LBR … … … … … … … … … … … … … …  8
*In re Peachtree Lane Assocs., Ltd.,* 188 B.R. 815, 824 (N.D. Ill. 1995) … … … … … …  5
*James v. Dravo Contracting Co.*, 302 U.S. 134, 141 (1937) … … … … … … … … … .  28
*Knox v. Lee*, 12 Wall 552, … … … … … … … … … … … … … … … … … … … …  24
*Ontario Bank v. Lighbody,* 3 Wend. 101, … … … … … … … … … … … … … … …  24
*Putnam v. Commissioner,* 352 U.S. 82 (1956) … … … … … … … … … … … … … …  24
*Surplus Trading Co. v. Cook,* 281 U.S. 647, 652 (1930) … … … … … … … … … … …  28
*Taylor v Georgia* (1942) 315 US 25, 86 L Ed 615, 62 S Ct 415 … … … … … … … … …  18
*The Corporation of New-Orleans v. Winter,* 14 U.S. 91, 4 L. Ed. 44, (1816) … … … … …  28
*Travelers Ins. Co. v. H.K. Porter Co.,* 45 F.3d 737 (3d Cir. 1995)  … … … … … … … ….  4
*United States v. Kozminski* - 487 U.S. 931 (1988) … … … … … … … … … … … … …  18
*United States v Reynolds* (1914) 235 US 133, 59 L Ed 162, 35 S Ct 86; … … … … … …  18
*U S v THROCKMORTON,* 98 U.S. 61 (1878)  … … … … … … … … … … … … … … ..  16
*Williams v. Commissioner,* (1977) 429 U.S. 569 … … … … … … … … … … … … … .  24

## HIGHER LAW:
**Proverbs 20:23** … … … … … … … … … … … … … … … … … … … … … … ..  28
**Deuteronomy 25:13-16.** … … … … … … … … … … … … … … … … … … … ... … ..  28

## FEDERAL LAWS:

**Article I, Section 8, Clause 4** … … … … … … … … … … … … … … … … … … … ….  31
**Article I, Section 8, Clause 17** … … … … … … … … … … … … … … … … … … … …  33
**Article I, Section 10** … … … … … … … … … … … … … … … ...6, 21, 22, 23
**Article IV, Section 3, Clauses 1 and 2** … … … … … … … … … … … … … … … … …  33
**Fifth Amendment** … … … … … … … … … … … … … … … … … … … …12, 13, 25
**Tenth Amendment** … … … … … … … … … … … … … … … … … … … … …29, 31
**Thirteenth Amendment** … … … … … … … … … … … …8, 12, 13, 16, 18, 19, 25, 34

i

**Fourteenth Amendment** … … … … … … … … … … … … … …	5, 7, 8, 12, 13, 25, 27, 34
**Twenty-first Amendment** … … … … … … … … … … … … … … … … … … … …	29, 31

**1864 the 38th Congress Session I, Chap 173, page 306, § 182** … … … … … … … … … ..	34
**1868 the 40th Congress Second II Chap 186, p 166, § 104** … … … … … … … … … … …	34
**Public Law 97-280** … … … … … … … … … … … … … … … … … … … … … … … … …	28
**House Joint Resolution 192 of June 5, 1933 - Public Law 73-10, Chap 48 Stat 112** …	28

**IRC § § § 1(f)(3), (4), (5); 63 (c) (4)** … … … … … … … … … … … … … … … … … …	24
**IRC § 165(g)(2)(C)** … … … … … … … … … … … … … … … … … … … … … …	22, 24
**IRC § 1275(a)(1)(A)** … … … … … … … … … … … … … … … … … … … …	23, 24

**Title 11 U.S.C.** … … … … … … … … … … … … … … … … … … … … … … …	29, 31
**Title 11 U.S.C. § 101(52)** … … … … … … … … … … … … … … … … … … … … …	31

**Title 12 U.S.C. § 411** … … … … … … … … … … … … … … … … … …	6,15, 19, 22
**Title 12 U.S.C. § 2605(e)** … … … … … … … … … … … … … … … … … …	13
**Title 12 U.S.C. § 2801 et seq.,** … … … … … … … … … … … … … … … … …	13
**Title 18 U.S.C. §§ 152, 157, and 3571** … … … … … … … … … … … … … … … …	34
**Title 18 U.S.C. § 1341, § 1343 and § 1346** … … … … … … … … … … … … … … …	25
**Title 18 U.S.C. §1589** … … … … … … … … … … … … … … … … …	18, 19, 25

**Title 28 U.S.C. §151, § 1 57** … … … … … … … … … … … … … … … … … … …	2
**Title 28 U.S.C. §158 (a) (1)** … … … … … … … … … … … … … … … … … … …	3

**Title 42 U.S.C. § 1994** … … … … … … … … … … … … … … … … … …	15, 16

**Truth In Lending Act (TILA)** … … … … … … … … … … … … … … … … … …	13, 21
**RESPA - Title 12 U.S.C. § 2605(e)** … … … … … … … … … … … … … … … …	13, 21
**Regulation Z at 12 CFR 226.17(b), (c)(1)** … … … … … … … … … … … … … …	13

**FRCP Rule 11(c)** … … … … … … … … … … … … … … … … … … … … … ..	26
**FRCP Rule 17(a)** … … … … … … … … … … … … … … … … … … … …..	5, 6,14, 34

**FRBP Rule 8002 (a) (1)** … … … … … … … … … … … … … … … … … … … … …..	3
**FRBP Rule 8003** … … … … … … … … … … … … … … … … … … … … … … … …..	3
**FRBP Rule 8007(a)(1) and (a) (2)** … … … … … … … … … … … … … … … … …..	11, 28
**FRBP Rule 8007(b) (2)(B)** … … … … … … … … … … … … … … … … … … …..	28
**FRBP Rule 8009 (a)** … … … … … … … … … … … … … … … … … … … …..	4

**Judicial Canon 3 A(3)** … … … … … … … … … … … … … … … … … … … … …27
**Judicial Canon 3A(4)** … … … … … … … … … … … … … … … … …..7, 8, 11, 16
**Judicial Canon 3 C(1)** … … … … … … … … … … … … … … … … … … … … .	14

## STATE LAWS

**Article I, Section 6 of the California Constitution** … … … … … … … … … …..	8,18, 25
**Article I, Section 7 of the California Constitution** … … … … … … … … … …..	7
**Article VII, Section 7 of the California Constitution** … … … … … … …..	29

**Civil Code § 1478** … … … … … … … … … … … … … … … … … … … 6,15, 17,19,21, 34
**Civil Code § 3531** … … … … … … … … … … … … … … … … … …. … … … … .. 21
**Corporation Code § 107** … … … … … … … … … … … … … … .6,15, 17, 19, 24, 34
**Penal Code § 115.5, § 115(a), and §134** … … … … … … … … … … … … … … 25
**Penal Code § 648** … … … … … … … … … … … … … … … … … … … 6, 15, 34
**CUCC § 3102 (a)** … … … … … … … … … … … … … … … … … … … … 20, 22
**R&TC § 17041(h)** … … … … … … … … … … … … … … … … … … … … … 24
**R&TC § 18501(c)** … … … … … … … … … … … … … … … … … … … … … 24
**R&TC § 19312** … … … … … … … … … … … … … … … … … … … … … … 24

## LEGAL ENCYCLOPEDIA/DICTIONARY SOURCES

*Nudum pactum* is that upon which no action arises. Cod. 2, 3, 10; Id. 5, 14, 1; Broom, Max. 676
*Where there is a nudum pactum, there is no consideration, and the contract is not valid and not enforceable. 2 Kent, Com. 364 (1827) - 2006 Lonang Institute*
*Toullier defines nudum pactum to be an agreement <u>not executed by one of the parties</u>.*
*2 Kent, Com. 364  - 2006 Lonang Institute*
*It is a rule that no action can be maintained on a naked contract; ex nudo pacto non oritur act io: 2 Bl. <u>Com.</u> 445; 16 Vin. Ab. 16.* … … … … … … … … … … … … … … … …6, 15, 23

## APPELLANT'S OPENING BRIEF

## INTRODUCTION

TO THE HONORABLE JUDGE AND ALL PARTIES OF INTEREST:

COMES NOW the Appellant/Debtor (hereinafter "Appellant"), Ordell
Elizabeth Moon, through her Authorized Representative, Don Shannon
(hereinafter "**AR**"), who relies upon *Haines v. Kerner*, 1972, 404 U.S. 519
in the above-captioned matter, to give notice that Appellant, pursuant to
*Haines v. Kerner*, hereby serves this opening brief and state on the record
and for the record of this appeal:

## 1. JURISDICTIONAL STATEMENT

(A) The Appellant believes Bankruptcy Court had jurisdiction under 28
U.S.C. §151, § 157.

> 28 U.S.C. §151. Designation of bankruptcy courts
>
> In each judicial district, the bankruptcy judges in regular active
> service shall constitute a unit of the district court to be known as the
> bankruptcy court for that district. Each bankruptcy judge, as a judicial
> officer of the district court, may exercise the authority conferred under
> this chapter with respect to any action, suit, or proceeding and may
> preside alone and hold a regular or special session of the court,
> except as otherwise provided by law or by rule or order of the district
> court.
>
> 28 U.S.C. §157. Procedures for Bankruptcy courts
>
> (a) Each district court may provide that any or all cases under title 11
> and any or all proceedings arising under title 11 or arising in or

related to a case under title 11 shall **be referred to the bankruptcy judges for the district.**

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title. Emp added **bold** mine

(B) The Appellant further believes the United States District Court has

appellate jurisdiction under Title 28 U.S.C. §158 (a) (1)

28 U.S.C. §158. Appeals jurisdiction of USDC of BK ruling/judgments

(a) The district courts of the United States **shall have jurisdiction to hear appeals** [1]

(1) **from final** judgments, **orders**, and decrees; . . .

Emp added **bold** mine.


## 2  STATEMENT OF APPEALABILITY

(C ) The bankruptcy case was dismissed on August 9, 2023 and Appellant

filed the instant appeal on August 23, 2023 which is within the time

constraint mandated by FRBP Rule 8002 (a) (1).

(D) The "Order Dismissing Case" #23-10092 DM 13 from which appellant

appeals is the final order issued on August 9, 2023 and is appealable

pursuant to 28 U.S.C. §158(a)(1) and FRBP Rule 8003.  *An order is "final"*

*for appeal purposes when a decision has been entered that "ends the*

*litigation on the merits and leaves nothing for the court to do but execute*

*the judgment.*" **Coopers & Lybrand v. Livesay**, *437 U.S. 463, 467 (1978);* **In re IBI Sec. Serv., Inc**., *174 B.R. 664, 668 (E.D.N.Y. 1994).*

## 3   STATEMENT OF REVIEW OF ISSUES FOR APPEAL

Appellant pursuant to Federal Rule of Bankruptcy Procedure 8009(a), hereby states the standard of review of issues for appeal:

1. The bankruptcy court erred when it deprived Appellant the due process right to full disclosure of the specific medium of exchange of the original loan of money by each appellees' mortgage contract. Deprivation of constitutional secured rights are definitely applicable for appellate review. *"...we conclude that Travelers was not a "person aggrieved" by the contested order, and thus lacked standing to appeal."* **Travelers Ins. Co. v. H.K. Porter Co**., *45 F.3d 737 (3d Cir. 1995);  "Generally, only persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have been held to have standing to appeal that order.* **American Dev. Int'l Corp**., *188 B.R. at 932"* *(quoting Andreuccetti, 975 F.2d at 416).*

2. The bankruptcy court erred by its failure to address Appellant's right to equal protection under the laws of currency, consideration and tender guaranteed under Amendment

Fourteen of the supreme Law of the land when the bankruptcy court denied Appellant's request for Appellee's counsel to produce the original wet ink signature promissory note to establish standing to claim status of creditor (real party in interest) in bankruptcy proceeding in light of FRCP Rule 17(a). The deprivation of inherent right to full disclosure/disgorgement of exculpatory evidence is definitely applicable for appellate review. *The term "party in interest" is not defined and the "determination calls for a case by case analysis, ... that takes into consideration ... the particular purposes of the provision in question.* **In re Peachtree Lane Assocs., Ltd.***, 188 B.R. 815, 824 (N.D. Ill. 1995) (comprehensive examination of the precedent on what satisfies the standard for being a party in interest); accord* **In re Johns-Manville Corp.***, 36 B.R. 743 (Bankr. S.D.N.Y. 1984) (party in interest "must be determined on an ad hoc basis").*

3.    The bankruptcy court erred when it ruled that Appellees' Form B410 Proof of Claims are granted creditor status without Appellees producing **any** non-machine generated evidence to establish that said creditors are real parties in interest as

required by FRCP Rule 17(a) in their claimed loan of money to Appellant scheme without ever having produced any evidence of an actual delivery of a thing of value pursuant to the mandate of California Civil Code §1478, in a medium of exchange in comportment with California Corporation Code §107 in light of Penal Code§ 648, in further light of Title 12 U.S.C. § 411 in compliance with Article I, Section 10 of the supreme Law of the land as it pertains to the subject of tender of obligations in payment of debt within the exterior territorial limits of California state.  This is a jurisdictional question and is definitely applicable for appellate review. A "*nudum pactum*" is a bare agreement, a promise or undertaking without any consideration for it. *Blacks Law Dict, 5th Ed., 1979.* Where there is a *nudum pactum*, there is no consideration, and the contract is not valid and not enforceable. 2 Kent, Com. 364. Toullier defines nudum pactum to be an agreement not executed by one of the parties. 2 Kent, Com. 3 64. Nudum pactum **is that upon which no action arises**. Cod. 2, 3, 10; Id. 5, 14, 1; Broom Max 676. **It is a rule that no action can be maintained on a naked contract**;

ex nudo pacto non oritur actio: 2 Bl. Com. 445; 16 Vin.Ab. 16. Emp added **bold** mine.

4.  The Bankruptcy court further erred when it issued its "**Order Dismissing Case**" and thereby evaded Appellant's standing offer to settle all substantiated claims in "like kind" pursuant to the equal protection laws vouchsafed in Amendment Fourteen and California Constitution Article I, Section 7 upon the full disclosure and/or disgorgement of the specific medium of exchange each Appellee claim's employed in their purported loan of money to Appellant in light of the currency, consideration and tender laws governing such. See the August 9, 2023 transcript of Appellant's objection to proof of claim filed by Deutsche Bank National Trust Company. Circumvention of Judicial Canon 3A(4) by the court in an apparent rush to judgment is definitely applicable for appellate review.

    > "A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law" Judicial Canon 3(A)(4)

5.  The Bankruptcy court further erred when it denied Appellant said disclosure of the foregoing medium of exchange issues and thereby appears to have aided and abetted said purported

creditors to unjust enrichments, sanctioning ultra vires acts and

perhaps have conspired to suppress the fact that the court

ordered Appellees' apparent mere paper and ink investment is

the equivalent to Appellant's thirty (30) years of sweat equity in

clear violation of the express prohibition against involuntary

servitude vouchsafed in both Amendment Thirteen of the

supreme Law of the land and Article I, Section 6 of the

California Constitution.  Surreptitious circumvention of both

Amendments Thirteen and Fourteen by sworn officers of the law

that results in an American Citizen be subjected to involuntary

servitude is definitely applicable for appellate review.

> ***Cooper v. Aaron***, 358 U.S. 1, 78 S. Ct. 1401 (1958) Note:
> Any judge who does not comply with his oath to the
> Constitution of the United States wars against that
> Constitution and engages in acts in violation of
> the supreme law of the land. The judge is engaged in acts
> of treason. The U.S. Supreme Court has stated that "no
> state legislator or executive or judicial officer can
> war against the Constitution without violating his
> undertaking to support it". See also ***In Re Sawyer***, 124
> U.S. 200 (188); ***U.S. v. Will***, 449 U.S. 200, 216, 101 S. Ct.
> 471, 66 L. Ed. 2d 392, 406 (1980); ***Cohens v. Virginia***, 19
> U.S. (6 Wheat) 264, 404, 5 L. Ed 257 (1821). ***Scheuer v.***
> ***Rhodes***, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974)

6.  The Bankruptcy court further erred in its rush to judgment

against Appellant, who is a pro se litigant when the court

circumvented Judicial Canon 3A(4) when it evaded Appellant's
court recognized Authorized Representative's request for
instructive relief regarding issue of payment; several threats to
dismiss case prematurely for raising issue on lawful money;
request for production of original wet ink signature promissory
note in spite of opposing counsel's admission of not knowing
where such instrument was located and yet filed a Form B410
Proof of Claim that the court subsequently sanctioned in spite of
said counsel's admission of having no knowledge of the
whereabouts of the original wet inked signature note.  See July
12, 2023 transcript beginning on page 5, line 9 down to line 14
of Appellant's Objection to proof of claim of Citibank, N.A. filing
a false or unsubstantiated proof of claim in Bankruptcy Court is
definitely applicable for appellate review. In ***Carpenter v.
Longan***, 16 Wall. 271, 83 U.S. 271, 274, 21 L.Ed. 313 (1872),
the U.S. Supreme Court stated *"The note and mortgage are
inseparable; the former as essential, the latter as an incident.
An assignment of the note carries the mortgage with it, while an
assignment of the latter alone is a nullity*." "*Where the
mortgagee has 'transferred' only the mortgage, the transaction*

*is a nullity and his 'assignee,' having received no interest in the underlying debt or obligation, has a worthless piece of paper*." (4 RICHARD R. POWELL, POWELL ON REAL PROPERTY, § 37.27[2] (2000); *In re Mitchell*, Case No. BK-S-07- 16226-LBR (Bankr.Nev. 3/31/2009)(At page 12.  If neither Appellee can produce the original wet inked signature promissory note/HELOC, then the deed of trust instrument is without force and effect and has become "*a worthless piece of paper*." So says the United States Supreme Court!

7.   The full and complete disclosure of the specific medium of exchange of said purported creditors employed in their so-called loan of money is probative and will reveal all the truth which courts of law are established to support, defend and maintain for that **is** the business of the courts of law as a matter of law.


## 4   STATEMENT OF FACTS

a. Appellant filed a voluntary Chapter 13 petition on February 28, 2023.

b. There are no other bankruptcy cases filed by or against this Appellant pending within the past year preceding the petition date in this case.

c. As of this date Appellant had at least three (3) 341 Meeting of Creditors.

d. The Appellant filed separate objections to purported creditor appellees' Form 410 Proof of Claims in the bankruptcy case #23-10092 DM 13.

e. Each objection to said proofs of claim were denied by the Bankruptcy Judge Dennis Montali as reflected in the transcripts of each zoom hearing.

f. Bankruptcy Judge Dennis Montali summarily executed an "Order Dismissing Case" on August 9, 2023 after conclusion of hearing of Appellant's last objection to proof of claim and Trustee's Motion to Dismiss.

g. Appellant's **AR** however was not allowed to pursue issues of medium of exchange as said judge cut him off and closed the first hearing and disconnected the zoom hearing rather abruptly in spite of Judicial Canon 3A(4).

h. The second hearing **AR** read a statement on the record and for the record in light of the predetermined agenda of said judge regarding issue of medium of exchange disclosure effort of Appellant. Said statement made an offer to settle all claims in a medium of exchange of like kind by which purported creditors used in their purported loan of money. **AR** stood mute after said statement in light of Montali's predetermined agenda.

i. Judge Montali ignored Appellant's statement of offer to settle claims upon disclosure of specific medium of exchange employed by purported creditors in their "loan of money" and thereafter ruled that purported creditor's proof of claim was valid and thereafter granted trustee's motion to dismiss Appellant's Chapter 13 petition and later that day issued his ruling of "Order Dismissing Case."

j. Appellant filed motion to continue automatic stay in Bankruptcy Court by Judge Montali denied such citing he had no jurisdiction to do so since the case was dismissed in spite of the plain text of FRBR 8007(a)(1), (a) (2).


## 5   STATEMENT OF THE CASE

Appellant filed a Chapter 13 Bankruptcy Petition on February 28, 2023. From the beginning of the petition Appellant challenged the lawfulness of Appellees' proof of claims by filing separate Objections to said proof of claims of said Appellees. Both objections were denied by the Honorable Dennis Montali, Bankruptcy Judge in separate zoom hearings. Judge Montali after the last zoom hearing which took place on August 9, 2023, subsequently issued an order dismissing case on August 9, 2023 based upon Chapter 13 Trustee's motion to dismiss. Appellant then filed this timely appeal on August 23, 2023.

## 6  A SUMMARY OF ARGUMENT

Appellant in pursuit of the truth surrounding the original mortgage contracts as they pertain to what the specific medium of exchange was/were expressed in terms of, was denied by both the court and opposing counsels after repeated efforts on the part of Appellant, is a clear and unequivocal circumvention of the constitutionally guaranteed right of the Appellant's to the full due process of law vouchsafed in the Fifth, Thirteenth and Fourteenth Amendments to the supreme Law of land as they pertain to the issues governing the laws of currency, consideration and tender. The disclosure of the specific medium of exchange is essential to the consumer protection laws of both state and federal systems of

government. Given Appellant's standing offer to settle any purported claim of right of any Appellee's in a medium of exchange of "like kind" tendered by Appellees is both probative and reasonable. For both the court and opposing counsels to evade, circumvent or outright deny said disclosure is unethical, unconscionable and smacks of extreme moral turpitude given the anticipated effect what Appellant believes is the surreptitious artifice of reducing Appellant into a state of involuntary servitude in clear contempt of Amendment Thirteen, which would amount to an act of treason!

## 7 ARGUMENT
## DENIAL OF DUE PROCESS OF LAW

**A**. Pursuant to the Fifth Amendment and the Fourteenth Amendment's guarantee to the full due process of law, Appellant believes the right to full disclosure of all the terms and conditions pertaining to Appellees' claim of right to subject property particularly, evidence of actual delivery of a thing of value to Appellant prior to or right after Appellant executed original loan documents, has been denied to Appellant by Appellees in apparent violation of Truth In Lending Act (TILA), and Real estate Settlement Procedure Agreement (RESPA) Title 12 U.S.C. § 2605(e) Regulation Z - 12 CFR § 226.17(b), (c)(1),  Title 12 U.S.C. § 2801 et seq. among other state and federal consumer protection laws enacted to protect the rights of the

people from corporate greed, extortion and other rapacious activities. In spite of the herein cited consumer protection laws, the bankruptcy court has sanctioned the above-described activities of Appellees without any **original** documented evidence to support the unsubstantiated claims of said Appellees in violation of Appellant's guaranteed right to full disclosure and due process, which is a subject and one of the reasons for appellate review. Both Form B410 Proof of Claims filed in the Chapter 13 Case #23-10092 DM 13 contain no original wet ink signature of Appellant in support and thereby provides no evidence of a valid consideration to support a claim to a right of action. Opposing counsel for Citibank, N.A. does not even know where the original wet ink signature of Appellant is and yet filed a Form B410 under oath. Said Counsel admitted such in the zoom hearing of July 12, 2023 on Appellant's objection to Citibank, N.A.'s proof of claim. However Judge Montali bailed her out as reflected in the transcript of that hearing. It appeared that Judge Montali has a "dog in this fight." Wow. If Montali had a conflict of interest, is he not required to disqualify himself? ***Ward vs. Monroeville***, 409 U.S. 57 (1972). See Judicial Canon 3 C(1).

## FRCP RULE 17(a) – NO EVIDENCE OF REAL PARTY IN INTEREST

**B.** The questions that Appellant seeks answers to is in what specific medium of exchange did Appellees' purported "loan of money?" were

"expressed in terms of?". This question is germane to the issue of standing to appear in light of FRCP Rule 17(a) - Real Party In Interest criterion. All that Appellees filed in support of their proof of claim was an uncertified copy of a promissory note or HELOC. But Appellees failed to produce any **certified** evidence of the actual date of their wire transfer, bank draft of the specific medium of exchange mandated by Corporation Code §107 proving <u>actual delivery of a thing of value in lawful money of the United States</u> was loaned to Appellant (as they declare in said promissory note) as mandated by Civil Code 1478 in light of Penal Code 648 penalty provision in light of Title 12 U.S.C. 411 **to prove their actual economic investment and commitment**.  Please be advised that **Appellees' signatures are nowhere found on any of the loan documents** **created by them** that Appellant executed which Appellant now believes is unethical.  Thus Appellees have failed to establish that they are real parties in interest.

> *Nudum pactum* is that **upon which no action arises**. Cod. 2, 3, 10; Id. 5, 14, 1; Broom, Max. 676

> Where there is a *nudum pactum*, **there is no consideration, and the contract is not valid and not enforceable**. 2 Kent, Com. 364 (1827) - 2006 Lonang Institute

> Toullier defines *nudum pactum* to be an agreement **not executed by one of the parties**. 2 Kent, Com. 364  - 2006 Lonang Institute

> It is a rule that **no action can be maintained on a naked contract**; *e x nudo pacto non oritur actio:* 2 Bl. <u>Com.</u> 445; 16 Vin. Ab. 16

Emp added **bold** mine

What would Appellees have to hide from Appellant regarding full disclosure

of each element pertaining to their claim loans? What specific medium of

exchange did Appellees employ in their loans?  Appellant is concerned

about the truth here!  Appellant is seriously concerned about this matter for

if as Appellant suspects each Appellee is still contending that it has the right

to demand monthly payments or foreclose on the subject property, what we

are really dealing here with is a premeditated violation of the Thirteenth

Amendment to the supreme Law of the land by forcing involuntary

servitude upon Appellant under the pretense and pretext of a lawful

contractual consideration.  Such act is way beyond ultra vires, we are

talking about seditious conspiracy if not outright treason to the Constitution.

Again, Appellant only seeks the truth regarding the alleged loans of money!

> Surely it was not intended *by any act of Congress* that officers of a
> national bank *should be clothed with the power to cheat and
> defraud its patrons*. National banks are organized, and their
> business prosecuted for private gain, and we can conceive of no
> reason why the officers of such banks should be exempt from the
> penalties prescribed for *fraudulent banking*." *Easton vs. Iowa*, 188
> U.S. 220 (1903).  *There is no question of the general doctrine that
> fraud vitiates the most solemn contracts, documents, and even
> judgments. U S v THROCKMORTON,* 98 U.S. 61 (1878)  emp
> added *bold* mine.

Thus, Montali's denial of full disclosure of the foundation documents of

Appellees alleged loan of lawful money of the United States to Appellant is

contrary to well settled law on due process, disclosure, equal protection under the laws, and prohibition of forced labor / involuntary servitude.

## CIRCUMVENTION OF JUDICIAL CANON 3A(4) DENIED RIGHT TO BE HEARD ON FULL DISCLOSURE OF PROOF OF CLAIM

**C**. The Honorable Judge Montali took a hostile position to Appellant's assertion and insistence of constitutionally secured right to full disclosure of each and every element pertaining to Appellees' claim of right to foreclose upon Appellant's homestead.  However Judge Montali denied such right, which Appellant believes is a denial of Appellant's right to the full due process of law.  Honorable Judge Montali issued an Order Dismissing Case after Montali concluded the August 9, 2023 hearing on Appellant's Objection to Proof of Claim of DEUTSCHE BANK NATIONAL TRUST.  In the transcript of that hearing Judge Montali goes on an ad hominem attack upon Appellant's **AR** for simply attempting to assert the due process rights of Appellant to request full disclosure of medium of exchange of original loan agreement among other issues of law that were raised.  But in spite of Judge Montali's intimidation by vitriol, however there again is no evidence filed of record that Appellees ever delivered to Appellant a thing of value pursuant to CC §1478 as mandated by Corp. Code §107 prior to, or after Appellant's execution of said loan documents within the exterior territorial limits of California state to establish **as fact, evidence of Appellees'**

**actual economic investment of a thing of value** upon which said loans were energized by. That Appellant reminds the honorable court that Peonage and involuntary servitude are expressly prohibited under the Thirteenth Amendment and R. S. §1990 [42 U.S.C. § 1994] *Clyatt v United States* (1905) 197 US 207, 49 L Ed 726, 25 S Ct 429; *Bailey v Alabama* (1911) 219 US 219, 55 L Ed 191, 31 S Ct 145; *United States v Reynolds* (1914) 235 US 133, 59 L Ed 162, 35 S Ct 86; *Taylor v Georgia* (1942) 315 US 25, 86 L Ed 615, 62 S Ct 415 as well as California Constitution at Article I, Section 6 and the court is duly notice of same. See also Title 18 U.S. Code § 241, §1589, *United States v. Kozminski* - 487 U.S. 931 (1988)

**Title 18 U.S.C. §1589. Forced labor**

(a) Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means-

(3) *by means of the abuse or threatened abuse of law or legal process;* or

. . . shall be punished as provided under subsection (d)

(d) Whoever violates this section shall be fined under this title, imprisoned not more than 20 years, or both. If death results from a violation of this section, or if the violation includes kidnaping, an attempt to kidnap, aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title, imprisoned for any term of years or life, or both. Emp added *bold* mine

**Title 42 U.S.C. §1994. Peonage abolished**

The holding of any person *to service or labor* under the system known as peonage is abolished and forever prohibited in any Territory or State of the United States; and all acts, laws, resolutions, orders,

regulations, or usages of any Territory or State, which have heretofore established, maintained, or enforced, or by virtue of which any attempt shall hereafter be made to establish, maintain, or **enforce**, **directly or indirectly**, the voluntary or **involuntary service or labor of any persons as peons, in liquidation of <u>any debt</u> or obligation, or otherwise, <u>are declared null and void</u>.** Emp added **<u>bold</u>** mine.

Clearly from the above, **<u>if</u>** Appellees cannot produce evidence of an actual delivery of a thing of value pursuant to CC §1478, Corp Code §107, Title 12 U.S.C. § 411 in their claimed initial loan of lawful money to Appellant, then Appellees through an apparent scheme by dint and deceit have subjected Appellant to a condition of involuntary servitude contrary to Amendment Thirteen, Title 18 U.S.C. § 241, §1589 and according to Title 42 U.S.C. § 1994 such contracts **are declared to be null and void**.

### APPELLANT'S PURSUIT OF THE TRUTH AND FUNDAMENTAL GOOD FAITH AND FAIR DEALING BY COURT

**D**. The present appeal was filed in good faith by Appellant in pursuit of the truth surrounding the original loan of money as the issue of medium of exchange is probative and fundamental to the viability of any valid contract. Disclosure of **<u>all</u>** terms and conditions governing said contract is both probative, reasonable and requisite pursuant to the constitutionally secured right to full due process of law, good faith and fair dealing which are etched in the bedrock of American Jurisprudence and memorialized in both state and federal consumer protection laws.  This is particularly so when a

sophisticated trader in mercantile executive equity is trading with a common trader at law, typically identified in law as a "consumer." Consumer is a term that is defined in the consumer protection laws both state and federal, which pertain to John or Jane Que Public. Appellant being a trader at law and not a trader in mercantile executive equity is unlearned, thus woefully unsophisticated in the sophistries of the custom of merchant transactions in commercial paper as defined in Article 3 of the Uniform Commercial Code also known as "Negotiable Instruments Law". For example, Appellant was unaware of the text contained in UCC 3102 (a) second sentence which states in pertinent part thus: "***It does not apply to money***,". . . What? You mean to say that the promissory note and HELOC instruments have nothing to do with money? Is this correct? Thus in search for the truth, Appellant had previously reached out to purported creditors, counsels for creditors, even to the Honorable Judge Montali for instructive relief regarding the issue of medium of exchange and not one in the list of said creditors, their counsels or the court has seen fit to assist Appellant in her journey for the truth. Why would they lie by omission? Exactly just whom funded the loans? Appellant or Appellees? Pay to the order of on the drafts identify Appellant as the payor not the Appellees.

That it is clear to Appellant as one who is not "trained in the law" that the Appellant through **AR,** therefore sought instructive relief in regard to exactly how to specifically comply with Montali's court order to pay a given fee without violating any monetary law whether it be state or federal. In light of Public Law 73-10, Chap 48, Stat 112 and **House Joint Resolution 192 of June 5, 1933,** which suspended the gold standard and abrogated the tender clause at the federal level, the Appellant was and is without direction as to how to proceed in this matter given the fact that said **HJR 192** applies only at the federal level and yet California state admitted into the American Confederacy on September 9, 1850 is still bound by Article I, Sec. 10, Clause 1 supra. Can Montali compel one to do the impossible? CC §3531.

That this court should be aware of the fact that the Honorable David F. Levi, former Chief Judge United States District Court for the Eastern District of California, on October 12th, A.D. 1995 in CIV-S-1170 DFL GGH issued a final order in the case of *DeLaRosa v. Agents for I.M.F., IRS, et al.* which states on page 5, beginning at line 19: *"...Article I, Section 10, clause 1 prohibits the States from making anything but gold and silver coin a tender in payment of debts..."*. Appellant respectfully submits that this decision by the federal court in the Eastern District should serve as persuasive precedent and a model for this court in its determination on the

subject of Appellant's good faith effort to obtain full disclosure pursuant to TILA and RESPA of the specific medium of exchange that Appellees "delivered" (CC § 1478) to Appellant prior to Appellant's execution of said promissory note/HELOC in light of the federal injunction and requirement of Article I, Section 10, Clause 1 supra and supporting federal and state controlling laws.  Montali either ignored or evaded this issue to his shame.

That since Appellees and their counsels rely upon a purported copy of promissory note or HELOC filed of record in support of their **Form 410 Proof of Claim**, counsels for Appellees had a heavy burden of proof to bring before the court evidence of each Appellees' actual delivery of lawful money of the United States in light of UCC 3102 (a) and the fact that Appellant has been informed, therefore believes and further alleges that there is no lawful money of the United States in current general circulation. Given the fact that the current issuance of Federal Reserve Notes no longer contains on their face the verbiage stated in Title 12 U.S.C. 411 supra, to wit:

> **"They shall be redeemed in lawful money on demand** at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank"

Now that issue of law is clear, however, Judge Montali ignored this salient fact and then relieved Appellees of that legal burden by arbitrarily ruling that their proof of claims are valid as is. Why would Montali do such a thing?

That **AR** has further been informed that the Internal Revenue Code (hereinafter "**IRC**") addressing <u>**worthless securities**</u> at § **165(g)(2)(C)** clearly defines **(2) Security defined**

> For purposes of this subsection, the term "<u>**security**</u>" means-
>
> (A) a share of stock in a corporation;
>
> (B) a right to subscribe for, or to receive, a share of stock in a corporation; or
>
> **(C) a bond, debenture, <u>note</u>, or certificate, or other evidence of indebtedness,** issued by a corporation or by a government or political subdivision thereof, with interest coupons or in registered form. Emp added <u>**bold**</u> mine

And further addressing debt instruments at **IRC § 1275(a)(1)(A)**

> **§1275. Other definitions and special rules**
>
> **(a) Definitions**
>
> For purposes of this subpart-
>
> **(1) Debt instrument**
>
> **(A) In general**
>
> Except as provided in subparagraph (B), the term "<u>**debt instrument**</u>" means a <u>**bond**</u>, debenture, <u>***note***</u>, or <u>**certificate or other evidence of indebtedness**</u>.        Emp added <u>**bold**</u> mine

From all the foregoing it is clear to Appellant that a worthless security/debt instrument has no intrinsic value (*nudum pactum*) that can be employed to comply with the requirement of a valuable consideration in a loan

agreement by Appellees in comportment with the federal injunction and requirement of Article I, Section 10, Clause 1 supra as a matter of law and to the shock of Appellant and **AR,** we are persuaded to believe that beginning from Appellant's birth, all the days that Appellant has lived on Earth, all that Appellant and the rest of us Americans have ever received from labor or other services rendered were gross receipts of worthless securities/debt instruments. This is Absolutely unconscionable. Let us remember that "*Fraud and Justice Never Dwell Together*."

That neither the Internal Revenue Code nor the Revenue & Taxation Code defines *"money*," but the courts have concluded that **it does not embrace** bonds, debentures, **notes** or other evidence of indebtedness. *Knox v. Lee*, 12 Wall 552, *Bank of N.Y. v. New York County*, 7 Wall 26.

That the United States Supreme Court has held that debts that are not redeemable are valueless. *Ontario Bank v. Lightbody*, 3 Wend. 101, *Eckart v. Burnet*, 283 US 140, *Helvering v. Price*, 309 US 409, *Gregory v. Helvering*, 293 US 465, *Putnam v. Commissioner*, 352 U.S. 82 (1956) *Williams v. Commissioner, (1977) 429 U.S. 569.*

That debt instruments like Federal Reserve Notes which lack the ability of redemption cannot form the basis of a tax obligation under the **IRC** or R&TC due to the inherent diminished fair market value and irredeemable nature of said debt instruments in light of **IRC** § § § 1(f)(3), (4), (5); 63 (c) (4), R&TC §§ 17041(h), 18501(c) and HJR 192 supra.

That the U.S. Supreme Court in *Williams v. Commissioner* supra, held that a debt cannot be taxed as income because a debt is something that may never be paid.

That Federal Reserve Notes meet the description and definition of "note" as defined in the **IRC** § 1275 as evidence of indebtedness and "worthless security" as defined in **IRC** § 165(g) supra, see also R&TC § 19312.

That if Federal Reserve Notes are by definition, worthless securities and cannot form the basis by which to measure taxable income,

**neither can they form the basis for a consideration of lawful money for a consumer loan, especially so since they no longer are redeemable in the lawful money of the United States** as mandated under Corp. Code §107 in California.

That Appellant believes that in light of the foregoing laws, facts and evidence that Appellees, Counsel for Appellees and Judge Montali seemingly have conspired to deny, circumvent and evade Appellant's constitutionally guaranteed right to equal protection under the laws of consideration, currency and tender by depriving Appellant the full right to the due process of law guaranteed in both the Fifth and the Fourteenth Amendments, which required full and complete disclosure of the specific medium of exchange that Appellees employed to fund their so-called loan of lawful money, which can only result in Appellant being subjected to involuntary servitude to the benefit of Appellees given their constant threats to foreclose on Appellant's homestead by the various recordings in the local public repository of the Sonoma County Recorder's Office (Notice of Default; Notice of Substitution of Trustee; Notice of Trustee Sale, etc.) in willful violation of Title 18 U.S.C. § 1589 (a) (3), Penal Code § 115.5, § 115(a), and §134.  Thereafter sending notice of same by U.S. Mail and posting on Internet in apparent violation of Title 18 U.S.C. § 1341, § 1343 and § 1346.  All of which is condemned in Amendment Ten of that noble piece of paper identified as the supreme law of the land as well as

California Constitution at Article I, Section 6 as a matter of law.  If I am proven wrong on this point of law, I will strive to amend my ways and apologize to any offended party.  All that is required is the full disclosure of the specific medium of exchange employed by Appellees as detailed herein to get to the truth of the matter.  If not, then for due process of law sake, why not?  What are Appellees, counsels for Appellees and Judge Dennis Montali afraid of from such disclosure given the mandate of FRCP Rule 11(c)?  After all, we should all be interested in getting to the truth, yes? Whatever happened to that "***sporting theory of justice***" that Roscoe Pound and Professor Wigmore spoke so highly of?

## APPELLANT'S OFFER OF SETTLEMENT WAS IGNORED OR EVADED BY BOTH COURT AND COUNSELS

**E**. On August 9, 2023 in hearing on Appellant's objection to Deutsche Bank National Trust's proof of claim, Appellant in good faith openly stated to creditors, counsel for creditors, Chapter 13 Trustee and the court the following reasonable statement regarding <u>offer of settlement</u>, to wit:

> "In behalf of Debtor's estate, I State On the record and for the record the following statement:
>
> Debtor is ready to settle all matters pertaining to all purported claims after the issue of the specific medium of exchange of each purported loan is expressed in terms of has been provided by alleged creditor or creditor's counsel pursuant to the Constitution's 14th Amendment's guarantee of equal protection under laws of consideration, currency and tender has been provided as detailed in last filings filed of record with the court.

Please be advised that once the specific medium of exchange is disclosed the Debtor will issue a tender in like kind to settle all claims consistent with current federal public policy as a matter of law.

Beyond the foregoing statement I stand on the pleadings filed of record & beyond that I stand mute with all due respect.

Thank you, your honor."

The offer to settle all claims was met with silence on part of opposing counsel and subsequent bashing of **AR** by Montali in a diatribe violation of Judicial Canon 3 A(3). See Transcript dated August 9, 2023 beginning on page 3, line 4 down to page 4 ending at line 20. Total scam.

## EVIDENCE OF BAD FAITH BY COURT AND COUNSEL

**F**. The court subsequently issued an ORDER DISMISSING CASE on August 9, 2023 upon completion of the hearing in spite of Appellant's <u>offer of settlement</u>. Appellant believes such action by the court was unwarranted as a matter of law. Clearly, Judge Montali refused to address the issue of tender, consideration and currency in spite of the constitutional guarantees of the Fourteenth Amendment, which required full disclosure of all terms and conditions of the loan of money in comportment with the tender, consideration and currency laws of America. Again, opposing counsels failed to address the same issue when squarely challenged by Appellant and Montali "covered" for them. Such acts of the judge were unethical conduct from Appellant's vantage point. We are talking about uprooting an

elder American woman, wife, mother, grandmother in her eighth decade of life, feeble, bedridden and just hanging on for dear life. Appellees, Counsels for Appellees and Judge Montali couldn't care less about Appellant, or Appellant's homestead, or Appellant's constitutionally guaranteed right to the due process of law, which is just evil, pure plain and simply evil.

"**Divers weights *are* an abomination unto the LORD; and a false balance *is* not good.**" Proverbs 20:23. ***"Thou shalt not have in thy bag divers weights, a great and a small. Thou shalt not have in thine house divers measures, a great and a small. But thou shalt have a perfect and just weight, a perfect and just measure shalt thou have: that thy days may be lengthened in the land which the Lord thy God giveth thee. For all that do such things, and all that do unrighteously, are an abomination unto the Lord thy God."*** Deuteronomy 25:13-16. See Public Law 97-280.

## MOTION FOR REQUEST FOR CONTINUANCE OF AUTOMATIC STAY DENIED BY JUDGE DENNIS MONTALI CITING CASE CLOSED IN SPITE OF FRBP RULE 8007(a)(1), (2)

**G**. That pursuant to FRBP Rule 8007(a)(1), Appellant initially filed a motion to continue automatic stay in bankruptcy court but Judge Montali on September 5, 2023 denied the motion citing: "***This case having been dismissed on August 9, 2023, therefore, the court denies the Motion as the court has no authority to act on it***" in spite of Bankruptcy Rule 8007(a)(1), (2), which necessitated the filing of the motion in the USDC pursuant to BK Rule 8007(b) (2)(B). emp added ***bold*** mine

Rule 8007. Stay Pending Appeal; Bonds; Suspension of Proceedings

> (a) Initial Motion in the Bankruptcy Court.
> (1) *In General*. Ordinarily, a party **must move first in the bankruptcy court for the following relief:**
> (A) **a stay of** a judgment, **order**, or decree of the bankruptcy court pending appeal;
> . . .
> (2) *Time to File*. The motion may be made either **before or after** the notice of appeal is filed.   Emp added **bold** mine

A copy of the bankruptcy order denying request for continuance of automatic stay is attached in the Appendix and incorporated herein.

Further, attached in the Appendix and made a part of this appeal are copies of communications sent by Appellant in good faith to said creditors, counsel for creditors outside the purview of the Bankruptcy Court that have been either ignored, disregarded or evaded by silence and a filed copy of Appellant's reasonable request for instructive relief from the Court, all of which have gone unanswered or non-answered.  Gross negligence at a minimum.  The two transcripts of Appellant's objections to proofs of claim are a part of the record on appeal and available in said Appendix.

## H. TERRITORIAL JURISDICTION OF ACTS OF CONGRESS

One thing that Appellant recently became aware of the issue of territorial jurisdiction of Acts of Congress, which Title 11 U.S.C. is part and parcel of. Judge Montali and David Buchard, the Chapter 13 Trustee, apparently relies heavily upon Title 11 U.S.C. to dismiss the Chapter 13 petition. Given

the apparent involvement of federal law necessarily raises the issue of territorial jurisdiction as reflected in both the Tenth and Twenty-first Amendments of the supreme Law of the land in addition to Article VII Section 7 of the California Constitution.  These are issues of law addressing **a "superior element of law" that is, which jurisdiction governs?**  State or federal jurisdiction.  Clearly Congress has neither right, power, privilege, authority, etc., to ever legislate for a given state republic, which in this case California is, given its admission into the American Confederacy (called Union) on September 9, 1850 as a matter of law.

> That it is a fact that an Act of Congress is locally applicable in the territorial venue of the District of Columbia, federal territories, federal possessions and federal enclaves.  See Title 4 USC §72, Title 28 USC §2071, §2072, Title 18 USC § 3156(a) (2), (5), (b) (2), FRCP Rule 81(d) (3), FRCrimP Rule 1(b) (9) ". . . *The laws of Congress in respect to those matters **do not extend** into the territorial limits of the states*, [venue here] but have force only in the District of Columbia and other places that are within the exclusive jurisdiction of the national government." . . . ***Caha v. United States***, 152 U.S. 211 (1894). "Special provision is made in the Constitution for the cession of jurisdiction from the states over places where the federal government shall establish forts or other military works. And *it is only in these places or in the territories of the United States where it can exercise a general jurisdiction*."  ***New Orleans v. United States***, 35 U.S. 10 Pet. 662 662 (1836); ***United States v. Dewitt***, 76 U.S. 9 Wall. 41 41 (1869); ***Pollard's Lessee v. Hagan***, 44 U.S. 3 How. 212 212 (1845); ***Louisville & Nashville R. Co. v. Mottley***, 211 U.S. 149 (1908); ***Foley Bros., Inc. v. Filardo***, 336 U.S. 281 (1949); ***United States v. Spelar***, 338 U.S. 217 (1949).  emp added mine.  See also JURISDICTION OVER FEDERAL AREAS WITHIN THE STATES REPORT OF THE INTERDEPARTMENTAL COMMITTEE FOR THE

STUDY OF JURISDICTION OVER FEDERAL AREAS WITHIN THE STATES - PART II. "

In light of the foregoing, the issue of territorial jurisdiction for Title 11 U.S.C. must be examined within the text of that title.  Beginning at section 101 that pertains to definitions.  101 (52) we find:

> (52) The term **"State"** includes the District of Columbia and Puerto Rico, except for the purpose of defining who may be a debtor under chapter 9 of this title.  Emp added **bold** mine.

The first sentence in section 101 of Title 11 U.S.C. states:

> <u>**In this title**</u> the following definitions shall apply:
> emp added **bold** mine

Thus we find that Title 11 U.S.C.'s territorial jurisdiction includes the District of Columbia and Puerto Rico in most cases.  Appellant does not see California in the list for the term "**State**" defined in Title 11 U.S.C. § 101(52) and yet both Montali and David Burchard employed Title 11 U.S.C. as their authority to motion the court and further to dismiss Appellant's Chapter 13 petition, which petition is guaranteed under Article I, Section 8, Clause 4 under the supreme Law of the land.  Appellant maintains that the Chapter 13 petition was filed within the exterior territorial limits of California state at San Francisco, California.  Appellant could make the case that Title 11 U.S.C. has no territorial jurisdiction application within California as a matter of law given the express prohibition of both the Tenth and Twenty-first Amendments to the supreme Law of the land.  Appellant reserves the right

to raise this issue of law in due course and due time as circumstances

provide.  But to suffice, the argument that the term "state" defined in federal

law since 1864 the 38th Congress Session I, Chap 173, page 306, § 182

referred exclusively to federal territorial jurisdiction.

Word "state" to include "territories," and District of Columbia. SEC. 182. *And be it further enacted*, That wherever the word state is used in this act, it shall be construed to include the territories and the District of Columbia, where such construction is necessary to carry out the provisions of this act.
APPROVED, June 30, 1864.

Then in 1868 the 40th Congress Second II Chap 186, p 166, § 104 passed
another act which later defined "State":

Construction of the words "person," "State," "county," &c. in this act. SEC. 104. *And be it further enacted*, That where not otherwise distinctly expressed or manifestly incompatible with the intent thereof, the word "person," as used in this act, shall be construed to mean and include a firm, partnership, association, company, or corporation, as well as a natural person ; and words of the masculine gender, as applied to persons, to mean and include the feminine gender ; and the singular number to mean and include the plural number ; and the word "State" to mean and include a Territory and District of Columbia ; and the word "county," to mean and include parish, district, or other equivalent territorial subdivision of a State.

The United States Supreme Court settled the issue of the difference

between the District, Territory vs the states of the American Confederacy in

two supreme court rulings.

> It has been attempted to distinguish a *Territory* from the district of
> Columbia; but the court is of opinion, that this distinction cannot be
> maintained. They may differ in many respects, **but neither of them
> is a state, in the sense in which that term is used in the
> constitution**.  *The Corporation of New-Orleans v. Winter*, 14 U.S.
> 91, 4 L. Ed. 44, 1 Wheat. 91, 1816 U.S. LEXIS 311 (1816), **Hepburn
> And Dundas V. Ellzey**, 6 U.S. 445, 2 L. Ed. 332, 2 Cranch 445, 1805
> U.S. LEXIS 287 (1805)    emp added **bold** mine

The United States Attorney's Manual recognizes the same for criminal resources recognizes at section 644 the limitations of federal jurisdiction as described herein.  Such jurisdiction is extremely limited in a given state republic.  The constitutional phrase "exclusive legislation" is the equivalent of the statutory expression "exclusive jurisdiction." See ***James v. Dravo Contracting Co.,*** 302 U.S. 134, 141 (1937), citing, ***Surplus Trading Co. v. Cook,*** 281 U.S. 647, 652 (1930).  Thus, we have that the term "State" today is never to be associated with the term "state" contained within the Constitution of the United States for the united States of America.  Further, to apply an Act of Congress outside of its constitutionally mandated territorial jurisdiction limit is unconstitutional, thus criminal and therefore actionable.  Appellant will leave this here and take it back up if the court deems it necessary for Appellant to obtain her remedy in light of Article I, Section 8, Clause 17 and Article IV, Section 3, Clauses 1 and 2 of the supreme Law of the land governing this issue of law.

///

## CONCLUSION

Appellant submits that Appellees have failed to produce written verifiable proof of status of real party in interest in the delivery of an actual thing of value as required under Civil Code §1478, Corp. Code § 107, Penal Code § 648, FRCP 17(a) and federal bankruptcy Form 410 Proof of Claim. The court Order Dismissing Case was premature, thus without merit and a clear violation of Appellant's guaranteed right to the full due process of law. Appellant respectfully requests that said order be reversed in the interest of justice in light of Amendments Thirteen and Fourteen's guarantee, that each Appellee be required to provide actual evidence of delivering the lawful money of the United States as the source for their loan of money to Appellant or in the alternative their proof of claim be rejected, title be reconveyed to Appellant and the court provide any and further relief the court deems proper in the interest of justice in light of the mandate of 410 Proof of Claim left column of page 3 reference to Title 18 U.S.C. §152, §157, and § 3571.

Dated: October 24, 2023

Respectfully submitted,

_____

Don Shannon, Authorized Representative of
Appellant under Power of Attorney

# Certificate of Service

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.

My business address is: 420 Lakeville Street, Petaluma, CA 94952

A true and correct copy of the foregoing document entitled:

**APPELLANT'S OPENING BRIEF BEFORE THE HONORABLE JUDGE P. CASEY PITTS** (with supporting declarations) will be served or was served (a) on the judge in chambers and by registered mail.

2. SERVED BY UNITED STATES MAIL: On October 24, 2023, I served the following persons and/or entities at the last known addresses in this instant case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.

### 1. Party: Citibank, N.A.

### Attorney: Nathan F. Smith

Malcolm Cisneros, A Law Corp.
Attn: Nathan F. Smith
2112 Business Center Drive, 2nd Fl,
Irvine, California 92612
(949) 252-9400

### 2. Party: Deutsche Bank National Trust Company

### Attorney: Fanny Zhang Wan

Robertson, Anschutz, Schneid & Crane LLP
Attn: Fanny Zhang Wan
350 10th Ave., Suite 1000
Diego, CA 92101
(470) 321-7112

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: October 24, 2023

_____
Don Shannon, Authorized Representative of Appellant

## CERTIFICATE OF COMPLIANCE PER FRBC RULE 8015 (H)

TO THE HONORABLE JUDGE AND ALL PARTIES OF INTEREST:

COMES NOW the Appellant/Debtor (hereinafter "Appellant"), Ordell Elizabeth Moon, through her Authorized Representative, Don Shannon (hereinafter "**AR**"), who relies upon *Haines v. Kerner*, 1972, 404 U.S. 519 in the above-captioned matter, <u>to give notice</u> that Appellant, pursuant to *Haines v. Kerner*, hereby certifies that Appellant's open brief complies with the type-volume limitation mandated under FRBC Rule 8015 (h) in light of Rule 8015(a) (7)(B). The word count for the brief is 7979 words. Appellant relies upon the word counting of the Microsoft Word 365 system used to prepare the Opening Brief.

I certify under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on:  October 24, 2023

_____

Don Shannon, **AR** for Appellant

Ordell Elizabeth Moon
1905 Bristol St.
Petaluma, CA 94954

# Case No. 23-cv-04521-PCP

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

RE: ORDELL ELIZABETH MOON          Case No. 23-cv-04521-PCP

           Appellant,

    v.

CITIBANK, N.A., DEUTSCHE
BANK NATIONAL TRUST
COMPANY

           Appellees.
_____/

### APPENDIX

By_____
          Don Shannon, Authorized Representative of
          Appellant under Power of Attorney
          420 Lakeville Street
          Petaluma, CA  94952

# APPENDIX TABLE OF CONTENTS

Note: The docket numbers reference: 23-bk-10092 13 DM

# CITIBANK N.A.

First Amended Notice of Objection to Proof of Claim of Citibank N.A. for Cause and Notice of Hearing (RE: related document(s)43 First Amended Objection to Proof of Claim (#1) of Citibank N.A for Cause by Claimant Citibank, N.A. Filed by Debtor Ordell Elizabeth Moon, Interested Party Don Shannon. (Attachments: # 1 proposed order) (myt)). Filed by Debtor Ordell Elizabeth Moon, Interested Party Don Shannon (myt) (Entered: 05/15/2023)  **#44**      *Exhibit 2 shows Appellant's prior letters pre hearing*

First Amended Objection to Proof of Claim (#1) of Citibank N.A for Cause by Claimant Citibank, N.A. Filed by Debtor Ordell Elizabeth Moon, Interested Party Don Shannon. (Attachments: # 1 proposed order) (myt) (Entered: 05/15/2023)  **#43**

Debtor's Response to Response to First Amended Objection to Proof of Claim of Citibank N.A. together with Declaration of Service (RE: related document(s)61 Response). Filed by Debtor Ordell Elizabeth Moon (lj)(Entered: 07/03/2023)  **#66**

Order Denying First Amended Objection to Proof of Claim of Citibank N. A. [Docket No. 43] (RE: related document(s)43 Objection to Claim filed by Debtor Ordell Elizabeth Moon, Interested Party Don Shannon). (lp) (Entered: 07/19/2023)  **#71**

Transcript regarding Hearing Held 07/12/23 RE: Debtor's objection to Citibank's claim, including the ruling of   Court. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, Contact Information:
Susan Palmer, Palmer Reporting Services, palmerrptg@aol.com, 209-915-3065. .
Notice of Intent to Request Redaction Deadline Due By 9/25/2023. Redaction Request Due By 10/10/2023. Redacted Transcript Submission Due By 10/17/2023. Transcript access will be restricted through 12/15/2023. (Palmer, Susan) (Entered: 09/16/2023) **#101**

Notice of Debtor's Request for Instructive Relief to Make More Definite and Certain the Legal Tender of Payment of Filing Fees Ordered by Court Filed by Debtor Ordell Elizabeth Moon, Interested Party Don Shannon (Attachments: # 1 Declaration of Service) (myt) (Entered:05/30/2023)  **#52**

Order to Pay Filing Fee (RE: related document(s)48 Order to Pay Filing Fee, 49 Notice, 52 Notice filed by Debtor Ordell Elizabeth Moon, Interested Party Don Shannon). (lp) (Entered: 05/30/2023)      **#53**

Notice Of Affidavit of Impecuniosity together with Declaration of Service Filed by Debtor Ordell Elizabeth Moon (lj) (Entered: 06/07/2023) **#56**


Order Regarding Outstanding Fee (RE: related document(s)53 Order). (1p) 06/07/2023 (3 pgs; 2 docs) (Entered: 06/07/2023) **#57**


## DEUTSCHE BANK NATIONAL TRUST COMPANY

Objection to any Proof of Claim Filed by Deutsche Bank National Trust Company Filed by Debtor Ordell Elizabeth Moon, Interested Party Don Shannon. (Attachments: # 1 proposed order) (myt) **#38** *Exhibit 1 shows Appellant's prior letters pre hearing*

Trustee's Motion to Dismiss Case with Attachment A, Declaration and Certificate of Service. (Burchard, David (tm)) (Entered: 07/11/2023) **#67**

Debtor's Opposition to Motion of Chapter 13 Trustee, David Burchard, to Dismiss Case Prior to Confirmation for Cause (RE: related document(s)67 Motion to Dismiss Case (batch)). Filed by Debtor Ordell Elizabeth Moon , Interested Party Don Shannon (myt) (Entered: 07/27/2023) **#73**

Debtor's Response to Response to Debtor's Objection to Proof of Claim of Deutsche Bank National Trust Company for Cause (RE: related document(s)63 Response). Filed by Debtor Ordell Elizabeth Moon , Interested Party Don Shannon (myt) (Entered: 07/27/2023) **#74**

Order on Objection to Any Proof of Claim Filed By Deutsche Bank National Trust Company Regarding Objection (RE: related document(s)38 Objection to Claim filed by Debtor Ordell Elizabeth Moon, Interested Party Don Shannon). (lp) (Entered: 08/10/2023) **#78**

Hearing Held. Trustee David Burchard appeared. Debtor's attorney-in-fact Don Shannon appeared for debtor. Fanny Wan appeared for Deutsche Bank. The motion to dismiss is granted for the reasons stated on the record. The Court will prepare the order. (related document(s): 67 Motion to Dismiss Case (batch)) (1p) (Entered: 08/09/2023) 08/09/2023

Hearing Held. Trustee David Burchard appeared. Debtor's attorney-in-fact Don Shannon appeared for debtor. Fanny Wan appeared for Deutsche Bank. The objection is overruled for the reasons stated on the record; the claim is allowed. Ms. Fan to submit an order. (related document(s): 38 Objection to Claim filed by Ordell Elizabeth Moon, Don Shannon) (lp) Modified on 8/9/2023 (lp). (Entered: 08/09/2023) 08/09/2023 #75

Order Dismissing Case (Related Doc # 67) Case Management Action due after 9/25/2023. (1p) (Entered: 08/09/2023) **#75**

Transcript regarding Hearing Held 08/09/23 RE: Debtor's objection to Deutsche Bank's claim and the Chapter 13 Trustee's motion to dismiss case, including the rulings of the Court. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber, Contact Information: Susan Palmer, Palmer Reporting Services, palmerrptg@aol.com, 209-915-3065. . Notice of Intent to Request Redaction Deadline Due By 9/25/2023. Redaction Request Due By 10/10/2023. Redacted Transcript Submission Due By Transcript Access will be restricted through 12/15/2023 (Palmer, Susan) (Entered: 09/16/2023) **#102**

Notice of Appeal to District Court , Fee Amount $ 298. (RE: related document(s)75 Order on Trustee's Motion to Dismiss Case (batch)). Appellant Designation due by 9/8/2023. Statement of Issues due by 9/8/2023. Transmission of Record to District Court due by 9/22/2023. Filed by Debtor Ordell Elizabeth Moon (jmb) (Entered: 08/23/2023) **#83**

Motion for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate Filed by Debtor Ordell Elizabeth Moon , Interested Party Don Shannon (Attachments: # 1 Declaration # 2 Exhibits # 3 Declaration of Service) (myt) (Entered: 08/31/2023) **#87**

Notice of Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate (RE: related document(s)87 Motion for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate Filed by Debtor Ordell Elizabeth Moon , Interested Party Don Shannon (Attachments: # 1 Declaration # 2 Exhibits # 3 Declaration of Service) (myt)). Filed by Debtor Ordell Elizabeth Moon , Interested Party Don Shannon (myt) (Entered: 08/31/2023) **#88**

Order Denying Motion to Impose Stay (Related Doc # U7 (lp) (Entered:09/05/2023) **#89**