**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Andrea M. Hicks, Bar No. 219836
5 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone: 949.622.2700
Facsimile: 949.622.2739

Benjamin W. White, Bar No. 339169
11682 El Camino Real, Suite 400
San Diego, CA 92130-2092
Telephone:  858.509.6000
Facsimile:  858.509.6040

Attorneys for
Deutsche Bank National Trust Company,
As Indenture Trustee Under The Indenture
Relating To IMH Assets Corp., Collateralized
Asset-Backed Bonds, Series 2005-7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORDELL ELIZABETH MOON,<br><br>　　　　　Appellant,<br>　v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-7,<br><br>　　　　　Appellee. | Case No. 5:23-cv-04521-PCP<br><br>**DEUTSCHE BANK'S OPPOSITION TO MOTION TO CONTINUE AUTOMATIC STAY** |

Deutsche Bank National Trust Company, As Indenture Trustee Under The Indenture Relating To IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2005-7 ("Deutsche Bank")[1], by and through counsel, opposes Appellant Ordell Elizabeth Moon's ("Appellant") motion to continue the automatic stay ("Motion").

## INTRODUCTION

Appellant, "through her Authorized Representative, Don Shannon," filed for bankruptcy in February 2023 without any intention of seriously pursuing the petition. Unsurprisingly, Appellant's bankruptcy case was dismissed on the Trustee's motion for failure to remedy various deficiencies, including failure to serve the proposed plan on all creditors, submit an amended plan, or otherwise support the calculations in the plan. Bk. Dkt. Nos. 67, 75. To further avoid Appellant's obligations to Deutsche Bank, Appellant and her representative have appealed this order and repeatedly moved to "continue" the bankruptcy stay. The latest of these motions cites no valid basis for relief and should be denied.

## BACKGROUND

On or about June 27, 2005, Lloyd H. Moon and Appellant executed an Adjustable Rate Note in the original principal sum of $145,000.00 (herein after "Note") which was made payable to Residential Mortgage Capital, a California Corporation (herein after "Lender"). The Note was and remains secured by a Deed of Trust, recorded on July 14, 2005, as instrument number 2005100721 in the Sonoma County Recorder's Office (herein after the "Deed of Trust") encumbering the real property located at 1905 Bristol Street, Petaluma, California 94954 (herein after the "Subject Property"). Subsequently, Lender's beneficial interest under the Deed of Trust was transferred on November 22, 2021 by way of a Corporate Assignment of Deed of Trust from Mortgage Electronic Registration Systems, Inc. ("MERS"), as Beneficiary, as Nominee for Residential Mortgage Capital, to Deutsche Bank.

---

[1] Under Federal Rule of Bankruptcy Procedure 8003(a)(3), the notice of appeal of a bankruptcy court ruling must be accompanied by the judgment, order, or decree being appealed. Appellant's Notice of Appeal (Dkt. No. 1) purports to only appeal the "Order Dismissing the Case" on the Trustee's motion to dismiss. While the bankruptcy was not dismissed on Deutsche Bank's motion, it opposes Appellant's Motion, which necessarily implicates Deutsche Bank's interest as a creditor of Appellant.

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

On February 28, 2023, Appellant filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of California – Santa Rosa Division, and was assigned case number 23-10092. Bk. Dkt. No. 1. On April 4, 2023, Deutsche Bank filed a proof of claim for the Loan, showing a secured balance of $122,213.31 and arrears of $23,609.48. Claims Reg. No. 2. On May 10, 2023, Appellant filed an "Objection to Any Proof of Claim Filed by Deutsche Bank National Trust Company" ("Objection"). Bk. Dkt. No. 38. Appellant's Objection was based on "evidence that the loan . . . had been discharged in full pursuant to California law and the Uniform Commercial Code[.]" *Id.* at 1-2. Far from identifying any "evidence" of discharge, the Objection made a series of indecipherable allegations about Deutsche Bank's lack of standing as an assignee of the Loan. *Id.* at 4-8.

On June 29, 2023, Deutsche Bank filed a response to the Objection, pointing out that its proof of claim complied with Federal Rule of Bankruptcy Procedure 3001(c)(1), and included a copy of the recorded Deed of Trust, Note, and assignment to Deutsche Bank. Bk. Dkt. No. 63 at 3-5. Deutsche Bank also argued the assignment was permitted under the terms of the Deed of Trust and under California and federal law. *Id.* at 5-7.

On July 11, 2023, the Trustee moved to dismiss the case, citing twelve different deficiencies in Appellant's bankruptcy filings and failures to correct them. Bk. Dkt. No. 67. The bankruptcy court held a hearing on Appellant's objection and the Trustee's motion on August 9, 2023. At the hearing, the bankruptcy court overruled Appellant's Objection and ordered the case be dismissed. Bk. Dkt. Nos. 75, 78. On August 23, 2023, Appellant filed a notice of appeal to this Court related to the bankruptcy court's order dismissing the case on the Trustee's motion. Bk. Dkt. No. 83. Appellant then moved for an order imposing a stay or continuing the automatic stay. Dkt. No. 87. This motion was denied on November 5, 2023, because once the bankruptcy case was dismissed, the court could not impose another stay. Bk. Dkt. No. 89.

On appeal before this Court, Appellant filed several more motions to continue the stay. Dkt. Nos. 7, 8, 12.  The Court denied the first of these *sua sponte* for failure to state entitlement under Federal Rule of Bankruptcy Procedure 8007(b). Dkt. No. 6. The Court denied the second *sua sponte* for failure to address the elements for continuing an automatic stay. Dkt. No. 10 (citing *Aniel v.*

*HSBC Bank USA, N.A.*, 633 B.R. 368, 385 (N.D. Cal. 2021)). Plaintiff filed her most recent motion to continue the stay ("Motion") on October 24, 2023. Deutsche Bank opposes this Motion.

## **STANDARD**

Under 11 U.S.C. section 362(a), a petition filed under the bankruptcy code automatically "operates as stay" of various debt collection activities. For chapter 13 bankruptcies, 11 U.S.C. section 362(c)(2) provides, "the stay . . . continues until the earliest of (A) the time the case is closed" or "(B) the time the case is dismissed[.]" "Once the bankruptcy proceeding is dismissed, neither the goal of a successful reorganization nor the debtor's right to the automatic stay continues to exist." *In re Castaic Partners II, LLC*, 823 F.3d 966, 969 (9th Cir. 2016) (quoting *Olive St. Inv., Inc. v. Howard Sav. Bank*, 972 F.2d 214, 215 (8th Cir. 1992)). Rule 8007(b) provides a motion for a stay pending appeal may be filed in the court where the appeal is pending. The movant must:

> (A) show that moving first in the bankruptcy court would be impracticable; or (B) if a motion was made in the bankruptcy court, either state that the court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling.

Fed. R. Bank. P. 8007(b)(2). The movant must also include,

> (A) the reasons for granting the relief requested and the facts relied upon; (B) affidavits or other sworn statements supporting facts subject to dispute; and (C) relevant parts of the record.

Fed. R. Bank. P. 8007(b)(3).

When determining whether to grant a stay pending appeal, courts consider: (1) whether the movant "has made a strong showing that he is likely to succeed on the merits [of his appeal];" (2) whether the movant "will be irreparably injured absent a stay;" (3) whether a stay "will substantially injure other parties;" and (4) "where the public interest lies." *In re Nichols*, 4:18-BK-09638-BMW, 2020 WL 881443, at *2 (Bankr. D. Ariz. Feb. 21, 2020) (citing *Nken v. Holder*, 556 U.S. 418, 425-26 (2009)); *see also Aniel v. HSBC Bank USA, N.A.*, 633 B.R. 368, 385 (N.D. Cal. 2021).

## **ARGUMENT**

Appellant's previous motion to "continue" the bankruptcy stay was denied for failure to satisfy or even address the elements for continuing a stay. Dkt. No. 10 (citing *Aniel*, 633 B.R. at 385. The present Motion still fails to set out adequate grounds for reviving the stay. Appellant now

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

argues her "life is in immanent danger as she is faced with the prospect of becoming homeless (due to your failure Judge to grant the automatic stay) and the stress from this pending matter is continuously causing serious harm to hear health." Dkt. No. 12 ¶ 8. The remaining additions simply repeat her allegations as to the validity of Deutsche Bank's claim in the bankruptcy case. *Id.* ¶¶ 13-17. But despite receiving several chances to amend her motion and clear guidance from the Court, Appellant has addressed none of the factors that federal courts consider when moved to grant a stay pending appeal. Dkt. No. 10 (citing *Aniel*, 633 B.R. at 385). Instead, Appellant argues she "tender[ed] to said Appellees' CFOs a draft to settle any and all claims" and "[m]ore than thirty (30) days have passed, and Appellees have not refused such tender." Dkt. No. 12 ¶ 9.

### A.   Likelihood of Success on the Merits.

Appellant is unlikely to succeed on the merits of her appeal. The party moving for a stay pending appeal must demonstrate that he has "a reasonable probability" or "fair prospect" of success on the merits of the appeal. *Fed. Trade Comm'n v. Qualcomm Inc.*, 935 F.3d 752, 755 (9th Cir. 2019) (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 966-67 (9th Cir. 2011)). When considering the appeal of a bankruptcy court's dismissal, the district court's standard of review is "abuse of discretion." *In re Angelo*, 580 B.R. 862 (W.D. Wash. 2017) (citing *In re Leavitt*, 171 F.3d 1219, 1223 (9th Cir. 1999)). An abuse of discretion is "a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found." *Wing v. Asarco, Inc.*, 114 F.3d 986, 988 (9th Cir. 1997) (quoting *Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir. 1993)). The abuse of discretion standard requires that the reviewing court not reverse the exercise of discretion without "a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached." *SEC v. Coldicutt*, 258 F.3d 939, 941 (9th Cir. 2001).

Here, Appellant challenges the bankruptcy court's order dismissing her case on the Trustee's motion. Dkt. No. 1. To the extent Appellant's Motion discusses her likelihood of success at all, it alleges Appellant "tender[ed] to said Appellees' CFOs a draft to settle any and all claims" and "[m]ore than thirty (30) days have passed, and Appellees have not refused such tender." Dkt. No. 12 ¶ 9. According to her Statement of Issues to Be Presented, Appellant intends to argue the

bankruptcy court:

   a. deprived Appellant the due process right to full disclosure of the specific medium of exchange of the original loan money by each appellee mortgage contract . . ."

   b. deprived Appellant the right to equal protection under the laws of currency, consideration and tender . . . when [it] denied Debtor/Appellant's request for Appellee's counsel to produce the original wet ink signature promissory note . . .;

   c. erred when it ruled that Appellees' Form B410 Proof of Claims are granted as creditor status without Appellees producing any evidence to establish that said creditors . . . have produced any evidence of an actual delivery of a thing of value . . .;

   d. erred when it issued its Order Dismissing Case and thereby evaded Appellant's standing offer to settle all substantiated claims in "like kind" . . .;

   e. erred when it denied Appellant said disclosures issues and thereby appear [*sic*] to have aided and abetted said purported creditors to unjust enrichments . . .;

   f. erred in its rush to judgment against Appellant who is a pro se litigant[.]

Bk. Dkt. No. 95 at 1-2. But these points merely reiterate Appellant's opposition to Deutsche Bank's proof of claim, without identifying any abuse of discretion or error on the part of the bankruptcy court in ***dismissing*** her case. The Ninth Circuit has recognized the power of a bankruptcy court to dismiss a petition for failure to cure deficiencies with a proposed plan, where the debtor received notice of the deficiencies. *In re Tennant*, 318 B.R. 860, 870-71 (B.A.P. 9th Cir. 2004). The Trustee moved to dismiss Appellant's petition for numerous reasons, including her failure to correctly notice her proposed plan, to file an amended plan, to select a revesting provision for her plan, to support her homestead exemption with a declaration, to provide a more detailed description of her property, to explain how she valued her property, to choose one exemption scheme in Schedule C, to address Citibank and Deutsche Bank's claims in her plan and to resolve their objections. Bk. Dkt. No. 67 at 4-5. The dismissal of her petition was based on many well-founded deficiencies that Appellant failed to correct despite repeated requests from the Trustee. *Id.* Appellant's Statement of Issues to Be Presented and her Motion address ***none*** of these reasons for dismissal.

Nor can Appellant show the bankruptcy court erred in overruling her objection to Deutsche Bank's claim. The Motion raises the long-discredited theory that because she tendered "a draft to settle any and all claims" and "thirty (30) days have passed," therefore "acceptance and settlement has been perfected by operation of law" pursuant to UCC 3-603(b). Dkt. No. 12 ¶ 8. Uniform Commercial Code § 3-603(b) provides:

> If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.

California has adopted this provision under section 3603 of the California Commercial Code. Various state and federal courts in California have dismissed similar theories. *See Matchynski v. Ocwen Loan Servicing*, No. 13-CV-1915-BEN WMC, 2014 WL 202625 at *4 (S.D. Cal. Jan. 16, 2014) (compiling cases). The "International Promissory Note" attached to the Motion has no bearing on Appellant's obligations to Deutsche Bank. Dkt. No. 12 at p. 8. Therefore, Appellant is unlikely to overturn the dismissal on appeal.

### B.  Irreparable Injury.

The Motion falls well short of Appellant's burden to show irreparable injury. "[B]oth the Supreme Court and Ninth Circuit have raised the bar on the showing of irreparable injury, now requiring a showing that 'an irreparable injury is the more probable or likely outcome' if the stay is not granted . . ." *In re Red Mountain Mach. Co.*, 451 B.R. 897, 900 (Bankr. D. Ariz. 2011) (citing *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011)). To the extent the Motion discusses irreparable injury, it suggests Appellant will lose her life if a stay is not granted. Dkt. No. 12 ¶ 8. The Motion offers no further support, exhibits, or explanation for this serious allegation. Therefore, Appellant fails to satisfy this necessary element to revive the automatic stay.

### C.  Substantial Injury to Other Parties.

Appellant fails to meet her burden to show reviving the automatic stay will not cause substantial injury to other parties. Nor can she. Appellant and her representative maintained a frivolous bankruptcy case from February 2023 to August 2023 to abrogate loan obligations. During

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

this period, Appellant received the benefit of the automatic bankruptcy stay without actually pursuing the bankruptcy petition and remedying the many deficiencies identified by the Trustee. If a new stay is imposed, loan obligations will remain suspended for the duration of the appeal. Deutsche Bank would receive neither the benefit of payments under a performing bankruptcy plan nor the ability to recoup its collateral for the Loan. *See In re Stage Coach Venture, LLC*, 1:15-BK-13471-VK, 2017 WL 664015 at *7 (Bankr. C.D. Cal. Feb. 17, 2017) ("A stay of the Dismissal Order will further prevent Deutsche Bank from asserting its rights under nonbankruptcy law and cause significant delay. As a result, the Court finds there will be substantial injury to other parties if the Court stays the Dismissal Order."); *Lynch v. California Pub. Utilities Comm'n*, No. C-04-0580 VRW, 2004 WL 793530, at *3 (N.D. Cal. Apr. 9, 2004) (holding that "delay of payment constitutes significant harm warranting the denial of a stay"). Therefore, Appellant fails to satisfy this necessary element to revive the automatic stay.

### D.   Public Interest.

Finally, the Motion does not discuss whether a stay would further the public interest. "Generally, the public interest weighs against a stay, and in favor of moving forward with the case." *In re Stage Coach Venture, LLC*, 1:15-BK-13471-VK, 2017 WL 664015, at *7; Fed. R. Bank. P. 1001 (stating that the Federal Rules of Bankruptcy Procedure "shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding"); *Katchen v. Landy*, 382 U.S. 323, 328 (1966) ("[T]his Court has long recognized that a chief purpose of the bankruptcy laws is 'to secure a prompt and effectual administration and settlement of estate of all bankrupts within a limited period.'"); *In re North Plaza, LLC*, 395 B.R. 113, 127 (S.D. Cal. 2008) (finding that the "public interest in speedy and accurate bankruptcy proceedings warrants denying the application for stay of the bankruptcy court's Order") (emphasis omitted); *In re Porter*, 54 B.R. 81, 82 (Bankr. D. Ok. 1985) ("[T]he public interest, though difficult to measure in a case involving primarily private rights, is generally served by moving forward."). Appellant's bankruptcy case and this appeal have served only to avoid loan obligations and tie up judicial resources. If a new stay is imposed, it would provide further incentive for Appellant and her representative to delay and stall the resolution of the appeal. Therefore, Appellant fails to show the public interest favors the

imposition of a new stay.

## CONCLUSION

For the aforementioned reasons, Deutsche Bank requests the Court deny Appellant's motion to continue the automatic bankruptcy stay.

Dated: November 2, 2023                         TROUTMAN PEPPER HAMILTON SANDERS LLP


By: /s/ *Benjamin W. White*
    Andrea M. Hicks
    Benjamin White
    Attorneys for
    Deutsche Bank National Trust Company,
    As Indenture Trustee Under The
    Indenture Relating To IMH Assets Corp.,
    Collateralized Asset-Backed Bonds,
    Series 2005-7

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

- 9 -                              CASE NO. 5:23-CV-04521-PCP
DEUTSCHE BANK'S OPPOSITION TO MOTION TO CONTINUE AUTOMATIC STAY
163610984v1