Ordell Elizabeth Moon
1905 Bristol St.
Petaluma, CA 94954

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>ORDELL ELIZABETH MOON<br><br>Appellant/Debtor,<br><br>vs.<br><br>CITIBANK N.A., DEUTSCHE BANK NATIONAL TRUST et al.<br><br>Appellees.<br>_____/ | Case No. 5:23-cv-04521-PCP<br><br>BK Case No. 23-10092 DM 13<br>APPELLANT'S OPPOSITION TO DEUTSCHE BANK'S OPPOSITION TO MOTION TO CONTINUE AUTOMATIC STAY<br><br>Date:<br>Time:<br>Courtroom: |

TO THE HONORABLE JUDGE AND ALL PARTIES OF INTEREST:

COMES NOW the Appellant/Debtor, Ordell Elizabeth Moon, through her Authorized Representative, Don Shannon (hereinafter "**AR**"), who relies upon **Haines v. Kerner**, 1972, 404 U.S. 519 in the above-captioned matter**, to give notice** that Appellant, pursuant to **Haines v. Kerner**, hereby opposes the DEUTSCHE BANK'S OPPOSITION TO MOTION TO CONTINUE AUTOMATIC STAY and hereby state:

1.      Upon review of Deutsche Bank's Opposition To Motion To Continue Automatic Stay Appellant noticed that opposing counsel relies heavily on Title 11 U.S.C. as did the Bankruptcy Judge Dennis Montali, the trustee and other opposing counsels as the proper source of authority governing the Appellant's right to seek remedy from the abuses of federally driven FEIN based corporate entities to surreptitiously perpetrate fraud, theft of service, reduction into peonage and involuntary servitude by the dint and deceit of worthless securities implemented in their economic schemes.

2.      The major problem with such tactics is that it is unconstitutional for anyone in America to enslave an American citizen by any means as the Thirteenth Amendment prohibits such.  Further the Fourteenth Amendment guarantees to all the equal protection under the laws of currency, consideration, and tender.  This simply means that if Deutsche Bank or any other federally driven operating under a Federal Employer Tax Identification Number (FEIN) is subject to the above-described constitutional provisions as a matter of law.  In this instant matter Judge Montali circumvented Appellant's right to full disclosure of the transaction history of each purported loan of money which is plainly acknowledged by opposing counsel's opposition wherein said counsel makes the case in his BACKGROUND statement that the beginning of the so-called loan of money commenced as follows:

> "On or about June 27, 2005, Lloyd H. Moon and Appellant executed an Adjustable Rate Note in the original principal sum of $145,000.00 (herein after "Note") which was made payable to Residential Mortgage Capital, a California Corporation (herein after "Lender"). The Note was and remains secured by a Deed of Trust, recorded on July 14, 2005, as instrument number 2005100721 in the Sonoma County Recorder's Office (herein after the "Deed of Trust") encumbering the real property located at 1905 Bristol Street, Petaluma, California 94954 (herein after the "Subject Property")."

3.      Nowhere in this statement does opposing counsel mention that Deutsche Bank or its assignor ever made a loan of lawful money to Appellant.  Why is that?  Because they never did!  It was the same issue with Citibank. Their paperwork only said they did, but they cannot prove the loan of money to Appellant ever occurred simply because it didn't and when counsel for Citibank was directly challenged to put up or shut up regarding the existence or whereabouts of the original wet ink signature of Appellant's note, opposing counsel could not produce it, further had not even seen such.  But Judge Montali covered for them.  Further Judge Montali sanctioned their B410 Proof of Claims form without ever vetting the original wet ink signature notes to confirm whether the counterfeit copies of said notes were in fact exact copies of the originals.  Even now! opposing counsel herein cannot attest **under oath** that Deutsche Bank's assignor ever made a loan of lawful money to Appellant as required by California Corporation Code §107.  Put up or shut up.  But enough of this.

4.      In good faith Appellant cites in full a portion of Appellant's opening brief regarding **TERRITORIAL JURISDICTION OF ACTS OF CONGRESS** given opposing counsel's reference to Title 11 U.S.C. as a source of authority, to wit:

One thing that Appellant has recently become aware of is the issue of territorial jurisdiction of Acts of Congress of which Title 11 U.S.C. is part and parcel of. Judge Montali and David Buchard, the Chapter 13 Trustee, apparently relies heavily upon Title 11 U.S.C. to dismiss the Chapter 13 petition. Given the apparent involvement of federal law necessarily raises the issue of territorial jurisdiction as reflected in both the Tenth and Twenty-first Amendments of the supreme Law of the land in addition to Article VII Section 7 of the California Constitution. These are issues of law addressing **a "superior element of law" that is, which jurisdiction governs?** State or federal jurisdiction. Clearly, Congress has neither right, power, privilege, authority, etc., to ever legislate for a given state republic which in this case California is, given its admission into the American Confederacy (called Union) on September 9, 1850 as a matter of law. That it is a fact that an Act of Congress is locally applicable in the territorial venue of the District of Columbia, federal territories, federal possessions and federal enclaves. See Title 4 USC §72, Title 28 USC §2071, §2072, Title 18 USC § 3156(a) (2), (5), (b) (2), FRCP Rule 81(d) (3), FRCrimP Rule 1(b) (9) ". . . *The laws of Congress in respect to those matters **do not extend** into the territorial limits of the states*, [venue here] but have force only in the District of Columbia and other places that are within the exclusive jurisdiction of the national government." . . . **Caha v. United States**, 152 U.S. 211 (1894). "Special provision is made in the Constitution for the cession of jurisdiction from the states over places where the federal government shall establish forts or other military works. And *it is only in these places or in the territories of the United States where it can exercise a general jurisdiction*." **New Orleans v. United States**, 35 U.S. 10 Pet. 662 662 (1836); **United States v. Dewitt**, 76 U.S. 9 Wall. 41 41 (1869); **Pollard's Lessee v. Hagan**, 44 U.S. 3 How. 212 212 (1845); **Louisville & Nashville R. Co. v. Mottley**, 211 U.S. 149 (1908); **Foley Bros., Inc. v. Filardo**, 336 U.S. 281 (1949); **United States v. Spelar**, 338 U.S. 217 (1949). emp added mine. See also JURISDICTION OVER FEDERAL AREAS WITHIN THE STATES REPORT OF THE

INTERDEPARTMENTAL COMMITTEE FOR THE STUDY OF JURISDICTION OVER FEDERAL AREAS WITHIN THE STATES - PART II. "

In light of the foregoing, the issue of territorial jurisdiction for Title 11 U.S.C. must be examined within the text of that title.  Beginning at section 101 that pertains to definitions.  101 (52) we find:

> (52) The term "**State**" includes the District of Columbia and Puerto Rico, except for the purpose of defining who may be a debtor under chapter 9 of this title.  Emp added **bold** mine.

The first sentence in section 101 of Title 11 U.S.C. states:

**In this title** the following definitions shall apply:        emp added **bold** mine

Thus we find that Title 11 U.S.C.'s territorial jurisdiction includes the District of Columbia and Puerto Rico in most cases.  Appellant does not see California in the list for the term "**State**" defined in Title 11 U.S.C. § 101(52) and yet both Judge Montali and David Burchard employed Title 11 U.S.C. as their authority to motion the court and further to dismiss Appellant's Chapter 13 petition, which petition is guaranteed under Article I, Section 8, Clause 4 under the supreme Law of the land.  Opposing counsel herein has done the same.  Appellant maintains that the Chapter 13 petition was filed within the exterior territorial limits of California state at San Francisco, California.  Appellant could make the case that Title 11 U.S.C. has no territorial jurisdiction application within California as a matter of law given the express prohibition of both the Tenth and Twenty-first Amendments to the supreme Law of the land.  Appellant does however reserve the right to raise this issue of law in due course and due time as circumstances provide.  But to suffice, the argument that the term "state" defined in federal law since 1864 the 38th Congress Session I, Chap 173, page 306, § 182 referred exclusively to federal territorial jurisdiction.

> Word "state" to include "territories," and District of Columbia.
>
> SEC. 182. *And be it further enacted,* That wherever the word state is used in this act, it shall be construed to include the territories and the District of Columbia, where such construction is necessary to carry out the provisions of this act.
> APPROVED, June 30, 1864.

Then in 1868 the 40th Congress Second II Chap 186, p 166, § 104 passed another act which later defined "State":

> Construction of the words "person," "State," "county," &c. in this act.
>
> SEC. 104. *And be it further enacted,* That where not otherwise distinctly expressed or manifestly incompatible with the intent thereof, the word "person," as used in this act, shall be construed to mean and include a firm, partnership, association, company, or corporation, as well as a natural person; and words of the masculine gender, as applied to persons, to mean and include the feminine gender; and the singular number to mean and include the plural number; and the word "State" to mean and include a Territory and District of Columbia; and the word "county," to mean and include parish, district, or other equivalent territorial subdivision of a State.

The United States Supreme Court settled the issue of the difference between the District, Territory vs the states of the American Confederacy in two supreme court rulings.

> It has been attempted to distinguish a *Territory* from the district of Columbia; but the court is of opinion, that this distinction cannot be maintained. They may differ in many respects, **but neither of them is a state, in the sense in which that term is used in the constitution**. *The Corporation of New-Orleans v. Winter*, 14 U.S. 91, 4 L. Ed. 44, 1 Wheat. 91, 1816 U.S. LEXIS 311 (1816), **Hepburn And Dundas V. Ellzey,** 6 U.S. 445, 2 L. Ed. 332, 2 Cranch 445, 1805 U.S. LEXIS 287 (1805)   emp added **bold** mine

The United States Attorney's Manual recognizes the same for criminal resources recognizes at section 644 the limitations of federal jurisdiction as described herein. Such jurisdiction is extremely limited in a given state republic.  The constitutional phrase "exclusive legislation" is the equivalent of the statutory expression "exclusive jurisdiction." See ***James v. Dravo Contracting Co.,*** 302 U.S. 134, 141 (1937), citing, **Surplus Trading Co. v. Cook,** 281 U.S. 647, 652 (1930).  Thus, we have that the term "State" today is never to be associated with the term "state" contained within the Constitution of the United States for the United States of America.  Further, to apply an Act of Congress outside of its constitutionally mandated territorial jurisdiction limit is unconstitutional, thus criminal and therefore actionable.  Appellant will leave this here and take it back up if the court deems it necessary for Appellant to obtain her remedy in light of Article I, Section 8, Clause 17 and Article IV, Section 3, Clauses 1 and 2 of the supreme Law of the land governing this issue of law."

5.      For opposing counsel/s, the courts, and trustees to cite Title 11 U.S.C. as lawful authority to rely upon as their source of authority must be done within the exclusive territorial legislative jurisdiction of the Congress of the United States which is limited by

the same Constitution as detailed herein. To do anything less is to war against the Constitution, which according to Cooper v. Aaron, is treason, to wit:

> "This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding." "Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the supreme law of the land. The judge is engaged in acts of treason." – **Cooper v. Aaron**, 358 U.S. 1, 78 S. Ct. 1401 (1958)

6. Regarding the tender of the IPN draft referenced in opposing counsel's opposition, said draft is governed by the guarantee of the Fourteenth Amendment regarding equal protection under the laws of currency, consideration and tender. Thus, if Deutsche Bank's assignor tendered worthless security as defined by Internal Revenue Code 165 (g)(2)(C) or debt instrument as defined by IRC 1275 (a) (1)(A), but not lawful money, then why can't Appellant tender same in like kind? If not, why not? Congress has granted Appellant that right under the trust of House Joint Resolution 192 of June 5, 1933, as plainly recognized in the Congressional Debates on HJR 192 and other concerns pertaining to the issue of money during the then economic emergency circumstances. Given the fact that after delivery of said draft, neither Deutsche nor Citibank have refused the draft after more than thirty (30) days of receipt constitutes acceptance, thus, settlement and closure of same by operation of law. As such, the stay should be granted in the interest of fundamental justice and right to remedy which in America is guaranteed to the We the People, which Appellant is one of them.

## Conclusion

WHEREFORE, Appellant prays that this court issue an Order that the Automatic Stay be continued in effect as to all appellees until further order of the court. For other relief requested as the court deems just and proper.

Respectfully submitted.

Dated: November 10, 2023

_____
Don Shannon, Authorized
Representative for Appellant

# Declaration of Service

I am over the age of 18 and not a party to this bankruptcy case appeal.

My business address is: 420 Lakeville St., Petaluma, CA 94952

A true and correct copy of the foregoing document entitled:

APPELLANT'S OPPOSITION TO DEUTSCHE BANK'S OPPOSITION TO MOTION TO CONTINUE AUTOMATIC STAY WAS SERVED BY UNITED STATES MAIL: On November 10, 2023.

I served the following persons and/or entities at the last known addresses in this bankruptcy case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.

**1. Party: Citibank, N.A**.

**Attorney: Nathan Frederick Jones Smith**

Malcolm Cisneros, A Law Corp.
Attn: Nathan F. Smith
2112 Business Center Drive, 2nd Fl,
Irvine, California 92612
(949) 252-9400


**2. Party: Deutsche Bank National Trust Company**

**Attorney: Benjamin W. White**

Troutman Pepper Hamilton Sanders LLP
Attn: Benjamin W. White
11682 El Camino Real, Suite 400
San Diego, CA 92130-2092
(858) 509-6000


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: November 10, 2023

_____
Don Shannon, Authorized Representative of Appellant