**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**
Andrea M. Hicks, Bar No. 219836
5 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone: 949.622.2700
Facsimile:  949.622.2739

Benjamin W. White, Bar No. 339169
11682 El Camino Real, Suite 400
San Diego, CA 92130-2092
Telephone:    858.509.6000
Facsimile:    858.509.6040

Attorneys for Appellee
Deutsche Bank National Trust Company,
As Indenture Trustee Under The Indenture
Relating To IMH Assets Corp., Collateralized
Asset-Backed Bonds, Series 2005-7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORDELL ELIZABETH MOON,<br><br>  Appellant,<br><br>  v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-7,<br><br>  Appellee. | Case No. 5:23-cv-04521-PCP<br><br>**APPELLEE DEUTSCHE BANK'S NOTICE OF COMPLETED BRIEFING AND STATEMENT ON ORAL ARGUMENT** |

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA  92130-2092

APPELLEE'S NOTICE OF COMPLETED BRIEFING AND STATEMENT ON ORAL ARGUMENT

166826448v1

## I.    NOTICE OF COMPLETED BRIEFING

Pursuant to Federal Bankruptcy Procedure Rule 8019 and Local Rule 8019-1, Appellee Deutsche Bank National Trust Company, As Indenture Trustee Under The Indenture Relating To IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2005-7 ("Deutsche Bank"), by and through counsel, **HEREBY NOTIFIES** the Court that briefing on Appellant Ordell Elizabeth Moon's ("Appellant") appeal is complete.

Appellant filed an opening brief on October 24, 2023. Dkt. No. 11. Deutsche Bank filed a response brief ("Response Brief") on November 22, 2023. Dkt. No. 15. Appellant filed a reply brief on November 29, 2023. Dkt. No. 16. Because Deutsche Bank has not filed a cross-appeal, the briefing in this case is now complete.

## II.    STATEMENT ON ORAL ARGUMENT

Pursuant to the Court's Scheduling Order dated September 1, 2023 (Dkt. No. 2), upon completion of briefing, the appeal will be set for oral argument "unless the judge determines that oral argument is unnecessary under the Local Bankruptcy Rules." If oral argument is deemed unnecessary, "the matter will be deemed submitted for decision." *Id.* Local Rule 8019-1 directs the Court to Federal Rule of Bankruptcy Procedure 8019 to determine whether oral argument is necessary. Federal Bankruptcy Procedure Rule 8019(b) permits the Court to resolve the appeal without oral argument if "(1) the appeal is frivolous; (2) the dispositive issue or issues have been authoritatively decided; or (3) the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Federal Bankruptcy Procedure Rule 8019(a) permits any party to file "a statement explaining why oral argument should, or need not, be permitted." This appeal satisfies all three criteria that would permit resolution without oral argument.

### A.    This Appeal is Frivolous.

First, as discussed in the Response Brief, this appeal is frivolous. Appellant filed for bankruptcy in February 2023 without any intention of seriously pursuing the petition. Unsurprisingly, Appellant's bankruptcy case was dismissed on the Trustee's motion for failure to remedy various deficiencies, including failure to serve the proposed plan on all creditors, submit

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA  92130-2092

APPELLEE'S NOTICE OF COMPLETED BRIEFING AND STATEMENT ON ORAL ARGUMENT

an amended plan, or otherwise support the calculations in the plan. To further avoid Appellant's obligations to Deutsche Bank, Appellant and her representative objected to Deutsche Bank's proof of claim, appealed dismissal of her petition, repeatedly moved this Court to revive the bankruptcy stay, and filed a second bankruptcy petition. Her appeal rests on various baseless and long-discredited theories, including the claim that because Appellant tendered an "international promissory note," her debt has been somehow assumed by the United States government.

### B.      The Bankruptcy Court Authoritatively Decided the Dispositive Issues.

Second, the bankruptcy court authoritatively decided the dispositive issues of this case. In moving to dismiss Appellant's bankruptcy case, the Trustee noted failures to (1) file an amended creditor notice, (2) amend her original plan, (3) select a vesting provision, (4) file a declaration regarding her homestead exemption, (5) amend Schedule A/B to provide a more detailed description of her property, (6) provide documentation supporting the valuation of her property in Schedule A/B, (7) amend Schedule E/F and Creditor Matrix to list an address for creditor Dan Joyce, (8) amend Schedule C to utilize an exemption scheme, (9) amend Schedule D to include Citibank, N.A.'s claim, (10) amend Schedule D to include Deutsche Bank's claim, (11) resolve Citibank, N.A.'s objection to her plan, and (12) resolve Deutsche Bank's objection to her plan. Dkt. No. 15 at 6. In granting the Trustee's motion, the bankruptcy court cited these reasons and noted Appellant's general failure to follow bankruptcy procedures. *Id.* The bankruptcy court acted within its authority under the Bankruptcy Code when it dismissed Appellant's Bankruptcy Case. *See* 11 U.S.C. sections 105(a), 1322(a), 1307(c).

The bankruptcy court also authoritatively overruled Appellant's objection to Deutsche Bank's proof of claim because Appellant failed to produce sufficient evidence to negate the *prima facie* validity of Deutsche Bank's claim. In the Bankruptcy Case, Deutsche Bank filed a complete proof of claim on Official Form 410, including a Mortgage Proof of Claim Attachment, a statement asserting the basis for the right to foreclose, fee and late charges breakdown, an escrow analysis, the Deed of Trust, and the Note. Dkt. No. 15 at 10. Appellant alleged that the original loan package contained evidence that the loan pertaining to the Subject Property was discharged in full, and a full reconveyance is required. *Id.* Appellant further argued that because the allonges attached to the

APPELLEE'S NOTICE OF COMPLETED BRIEFING AND STATEMENT ON ORAL ARGUMENT

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA  92130-2092

1   end of the Note was not on the original copy of the Note that the Debtor executed, under California

2   Civil Code section 1700 it is a material alternation of the written contract, which he believes is the

3   ground to grant a full reconveyance. *Id.* But as the bankruptcy court observed, this argument fails

4   to state "a prima facie basis for objection and the claim is presumptively allowed as a valid claim."

5   *Id.* The bankruptcy court later characterized Appellant's briefing as the "most outlandish and

6   egregious argument I've ever seen by a debtor. . . ." *Id.* In lieu of oral argument at the hearing on

7   the Trustee's motion, Appellant's representative simply read a short, pre-prepared statement that

8   Appellant would settle all matters "after the issue of specific medium of exchange of each purported

9   loan is expressed in terms . . . pursuant to the Constitution's 14th Amendment." Dkt. No. 15 at 4.

10      Appellant's argument regarding California Civil Code section 1700 is without merit.

11  Federal laws and regulations permit the sale of mortgages or transfer of servicing rights to other

12  institutions without consumer consent. In California, when such a transfer occurs, the rules and

13  regulations require an allonge or indorsement to be permanently affixed to the related note. The

14  alloonges attached to the end of the Note are part of the requirements of the transfer of secured claim,

15  those allonges are indorsements under the California Commercial Code and is required by

16  California rules and regulations. Dkt. No. 15 at 11. In this instant case, the allonges attached to the

17  Note are special indorsement and blank indorsement under the California Commercial Code section

18  3204. *Id.* These allonges did not destroy, cancel, or alter any material term of the Note and did not

19  alter or change any of Appellant's rights or obligations under the Note and are not a material

20  alteration of the Note.

21      **C.**    **The Facts and Legal Arguments Are Adequately Presented in the Briefs and**

22         **Records.**

23      Appellant and Deutsche Bank have fully briefed this appeal with Appellant's opening brief,

24  Deutsche Bank's Response Brief, and Appellant's reply and supplements. Dkt. Nos. 11, 15, 16, 17.

25  Both parties have submitted their excerpts of record and supplemental excerpts of record. Dkt. Nos.

26  11, 15. Appellant has also raised substantive issues in her various motions to reinstate the automatic

27  bankruptcy stay. Dkt. Nos. 4, 5, 7, 8, 12, 14. Therefore, the facts of this matter and the parties' legal

28  arguments have been adequately presented for adjudication without oral argument.

## III.    CONCLUSION

Based on the above, Deutsche Bank respectfully requests the Court proceed with resolving this appeal without oral argument.

Dated: January 29, 2024

TROUTMAN PEPPER HAMILTON
SANDERS LLP


By: /s/ *Benjamin W. White*
    Andrea M. Hicks
    Benjamin White
    Attorneys for Appellee
    Deutsche Bank National Trust Company,
    As Indenture Trustee Under The
    Indenture Relating To IMH Assets Corp.,
    Collateralized Asset-Backed Bonds,
    Series 2005-7

CASE NO. 5:23-CV-04521-PCP

APPELLEE'S NOTICE OF COMPLETED BRIEFING AND STATEMENT ON ORAL ARGUMENT

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092