UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORDELL ELIZABETH MOON,<br><br>Debtor-Appellant. | Case No. 23-cv-04521-PCP<br><br>**ORDER DISMISSING APPEAL AND DENYING MOTION TO STAY**<br><br>Re: Dkt. Nos. 11, 12 |

In February 2023, Appellant Ordell Elizabeth Moon filed for Chapter 13 bankruptcy. Appellee Deutsche Bank National Trust Co. thereafter filed a proof of claim to recover a $145,000 adjustable rate note secured by a deed of trust. Ms. Moon opposed Deutsche Bank's proof of claim, arguing that the original loan contract unconstitutionally failed to identify the "medium of exchange" in which to settle the debt. Dkt. No. 15-2, at 151.[1] The bankruptcy court-appointed Chapter 13 trustee David Burchard then moved to dismiss the case, arguing that Ms. Moon had failed to make required payments to him under Chapter 13 bankruptcy procedures and was not responding to his requests in a timely manner. Ms. Moon opposed the motion, arguing that Mr. Burchard was not licensed to practice law and therefore could not serve as a Chapter 13 trustee. *Id.* at 152. In August 2023, the bankruptcy court overruled Ms. Moon's objection to Deutsche Bank's proof of claim and granted the trustee's motion to dismiss the case, finding numerous procedural deficiencies in Ms. Moon's bankruptcy filings and concluding that Ms. Moon's legal arguments

---

[1] The filings in this court and the bankruptcy court proceedings below were made by Don Shannon, Ms. Moon's Authorized Representative. Mr. Shannon is not a licensed attorney in the state of California. Deutsche Bank argues that he has "overstepped his role" and cannot "legally represent and practice law in the prosecution of the bankruptcy case." Dkt. No. 15-2, at 142. Because the Court dismisses Ms. Moon's appeal, it need not determine whether Mr. Shannon's filings exceeded the scope of his permissible representation of Ms. Moon.

1   were largely frivolous. *Id.* at 155, 160.

2         In the combined hearing on Ms. Moon's objection to Deutsche Bank's proof of claim and

3   the trustee's motion to dismiss, Bankruptcy Judge Dennis Montali noted to Mr. Shannon:

> If you file Chapter 13, you're expected to play by the game. It's like going into the other team's ballpark … you play by the rules of that ballpark. And you don't then complain about various amendments to the Constitution that you think give[] you a free pass to do other things. So to the extent that you believe that under your theory that you have to know whether a claim can be paid in a gold standard or silver or some other medium, [] that's your choice, but you're not doing Ms. Moon a favor if you're trying to use the bankruptcy laws to hold off some adverse effect in like a foreclosure….
>
> So this all adds up to this argument about the gold standard and this 14th Amendment and whatever else you believe. It's your argument, but it simply doesn't [] play in this forum where you must comply or your client, if she wants the benefit of Chapter 13, must comply with the relatively [] moderate obligations of it, like to provide the trustee with information….
>
> As far as the trustee's motion, this is about [the] most outlandish and egregious argument I've ever seen by a debtor or, in this case, a debtor who seems to be aided by someone who isn't her lawyer but seems to act like a lawyer, but he's frankly not doing a very good job representing her interests, because virtually all of his arguments are frivolous and the ones that aren't frivolous are unexplainable because, regardless of anything else, Mr. Burchard is doing his job under the law. [F]irst of all, he's not an attorney, and so Mr. Shannon's completely fabricated argument that somehow Mr. Burchard is not operating or licensed to practice law is [] about as equally frivolous as Mr. Shannon's perception or impression that maybe he can practice law. He can't practice law and isn't. Mr. Burchard doesn't pretend to be practicing law. He isn't a lawyer, he is a trustee in bankruptcy.
>
> But, more importantly, Ms. Moon, if she wants the benefit of Chapter 13, and Mr. Shannon, who [] presumably wants to help her, he simply has gone about it in the most [] ineffective and incompetent manner with these arguments that are completely frivolous. And if he believes that he can cite the 14th Amendment or his view of the gold standard and what the proper medium for [] payment is, he can take that up with the lenders. If and when they seek to foreclose, [] he's free, subject to again not violating any rules against the practice of law, to negotiate with the lenders there. They are sophisticated institutions with capable counsel. And if they want to compromise on the claims that they are serving against Ms. Moon, they are free to do it. But I'm not going to burden Mr. Burchard or the bankruptcy system or the Bankruptcy Court or the lawyers who are paid to represent their clients in the bankruptcy court with this kind of nonsense.

Dkt. No. 15-2, at 174–77.

      Ms. Moon timely filed this appeal pursuant to Federal Rule of Bankruptcy Procedure 8002.

2

1  She then filed a motion with the bankruptcy court to automatically stay the proceedings, which the

2  court denied in light of its prior dismissal of the case. *Id.* at 167. Thereafter, Ms. Moon filed

3  multiple motions to stay in this Court, the first two of which were denied and the third of which,

4  Dkt. No. 12, remains pending.[2]

5  For the reasons that follow, the Court dismisses Ms. Moon's appeal and denies her third

6  motion to stay.

## LEGAL STANDARDS

In reviewing a bankruptcy court's decision, the district court functions as an appellate court and may affirm a bankruptcy court's order on any ground supported by the record. *In re Crystal Props. Ltd., L.P.*, 268 F.3d 743, 755 (9th Cir. 2001). A bankruptcy court's decision to dismiss a Chapter 13 case is reviewed for abuse of discretion. *In re Nelson*, 343 B.R. 671, 674 (B.A.P. 9th Cir. 2006). To determine whether the bankruptcy court abused its discretion, district courts conduct a two-step inquiry: (1) first, review de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested; and (2) second, if the court identified the correct legal rule, assess whether the application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from facts in the record. *In re Ellsworth*, 455 B.R. 904, 914 (B.A.P. 9th Cir. 2011).

In determining whether a bankruptcy court properly overruled a debtor's objection to a creditor's proof of claim, a district court reviews the bankruptcy court's findings of fact under the clearly erroneous standard and its conclusions of law de novo. *In re Holm*, 931 F.2d 620, 622 (9th Cir. 1991). "[T]he allegations in the proof of claim are taken as true." *Id.* at 623. If the allegations set forth all the necessary facts to establish a claim and are not self-contradictory, the claim is presumably valid. *Id.* "Should objection be taken, the objector is then called upon to produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Id.*

---

[2] *See also* Dkt. Nos. 4, 7–8. The Court denied Ms. Moon's prior motions for failing to state an entitlement to relief under the requirements of Federal Rule of Bankruptcy Procedure 8007(b). Dkt. Nos. 6, 10.

Federal Rule of Bankruptcy 8007(b) sets forth the requirements for granting a stay pending appeal of a bankruptcy court's decision. To determine if a stay is warranted, the court must consider: (1) the likelihood of success on the merits; (2) significant and/or irreparable harm that will come to appellant absent a stay; (3) harm to appellee if a stay is granted; and (4) where the public interest lies. *Aniel v. HSBC Bank USA, N.A.*, 633 B.R. 368, 385 (N.D. Cal. 2021). "The first two factors are the most important, but failing any one factor requires the court to deny the application for a stay." *Id.* (cleaned up).

**ANALYSIS**

**I.    The Bankruptcy Court Did Not Abuse its Discretion in Dismissing the Case.**

In his motion to dismiss, the trustee noted several procedural deficiencies with Ms. Moon's bankruptcy filing. Dkt. No. 15-2, at 146–47. These included Ms. Moon's failures to: (1) file an amended creditor notice; (2) amend her original plan; (3) select a vesting provision; (4) file a declaration regarding her homestead exemption; (5) amend Schedule A/B to provide a more detailed description of her property; (6) provide documentation supporting the valuation of her property in Schedule A/B; (7) amend Schedule E/F and Creditor Matrix to list an address for creditor Dan Joyce; (8) amend Schedule C to utilize an exemption scheme; (9) amend Schedule D to include Citibank, N.A.'s claim; (10) amend Schedule D to include Deutsche Bank's claim; (11) resolve Citibank, N.A.'s objection to her plan; and (12) resolve Deutsche Bank's objection to her plan. Dkt. No. 15, at 12. In granting the motion to dismiss, the bankruptcy court cited, among other things, Ms. Moon's failure to follow the required Chapter 13 bankruptcy procedures.[3]

The bankruptcy court identified and applied the correct legal rule in denying relief to Ms. Moon. The Bankruptcy Code sets out clear requirements for Chapter 13 applicants, including the submission of an earnings plan providing for deferred cash payments on all priority claims. *See* 11 U.S.C. § 1322(a). On "request of a party in interest or the United States trustee and after notice and a hearing, the court may … dismiss a case under this chapter … for cause, including—(1)

---

[3] In her opening and reply briefs, Ms. Moon fails to address any of the identified procedural deficiencies, instead repeating arguments about the unidentified "medium of exchange" in the loan contract and presenting other constitutional theories.

4

1  unreasonable delay by the debtor that is prejudicial to creditors; … (3) failure to file a [timely]
2  plan …; (5) denial of confirmation of a plan." 11 U.S.C. § 1307(c). Because the unrebutted facts in
3  the record presented by trustee establish that Ms. Moon failed to meet many of the requirements of
4  § 1322(a) in a timely fashion, the bankruptcy court logically applied § 1307(c) in dismissing the
5  case.

### II.     The Bankruptcy Court Did Not Err in Overruling Ms. Moon's Objection.

The bankruptcy court properly found that the factual allegations in Deutsche Bank's Official Form 410 and Mortgage Proof of Claim Attachment provided prima facie proof of its claim. *See* Dkt. No. 15-2, at 22–24. Based upon this factual finding by the bankruptcy court, the burden shifted to Ms. Moon to defeat Deutsche Bank's proof of claim. Looking to the full record, the bankruptcy court did not clearly err in finding that Ms. Moon did not meet her burden to produce the requisite facts and evidence to overcome Deutsche Bank's claim. Indeed, Ms. Moon did not provide the bankruptcy court with any factual evidence regarding the invalidity of the claim.

Instead, Ms. Moon's authorized representative offered various legal theories that the bankruptcy court deemed frivolous. Her appeal is premised on those same theories. For the reasons stated in Judge Montali's order, her constitutional arguments concerning the medium of exchange in the loan contract are entirely frivolous and without merit, as are the other arguments presented by Ms. Moon in her appeal. Ms. Moon continues to argue, for example, that the medium of exchange was not specified in the loan contract in violation of the 14th Amendment. But the 14th Amendment sets limits only on *state* action, and such a claim cannot be brought against a private party like Deutsche Bank. *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948). Ms. Moon also argues in her opening brief that Deutsche Bank's proof of claim violates the 13th Amendment prohibition against involuntary servitude. Dkt. No. 11, at 12. While a 13th Amendment claim can be asserted against private parties, Ms. Moon's brief is devoid of factual allegations showing that Deutsche Bank subjected her to any form of involuntary servitude. Ms. Moon further argues that the Bankruptcy Code cannot apply in California because Congress has no territorial jurisdiction in the state under the 10th Amendment. *Id.* at 33–37. But the Constitution expressly authorizes

Congress to enact "uniform Laws on the subject of Bankruptcies throughout the United States." U.S. Const. art. I, § 8, cl. 4. Finally, in her reply brief, Ms. Moon argues that there is only one Article III court in the United States, the Supreme Court, and that federal district courts are not constitutionally permissible. Dkt. No. 16, at 15–17. This argument contravenes the Constitution's explicit text. *See* U.S. Const. art. III, § 1 ("The judicial power of the United States, shall be vested in one Supreme Court, *and in such inferior courts as the Congress may from time to time ordain and establish*.") (emphasis added). Because Ms. Moon's theories lacked any legal merit, the bankruptcy court rightly overruled Ms. Moon's objection to Deutsche Bank's proof of claim.

### III.      The Motion To Stay Is Denied.

Because the Court dismisses the bankruptcy appeal, Ms. Moon has no likelihood of succeeding on the merits of her appeal. For that reason alone, her third motion to stay must be denied.

### CONCLUSION

For the foregoing reasons, the Court affirms the bankruptcy court's dismissal of Ms. Moon's case and overruling of her objection to Deutsche Bank's proof of claim, and denies her motion to stay. The Court orders the Clerk to close the file.

**IT IS SO ORDERED.**

Dated: April 17, 2024

P. Casey Pitts
United States District Judge